BROWN and another *against* LANMAN, administrator of *Billings* and *Barber* :

### IN ERROR.

THIS was a petition in chancery, brought by the present plaintiffs in error to the superior court, praying that certain promissory notes given by them to the defendant, in his capacity of administrator, should be given up or cancelled.

Where a court of probate ordered a sale of real estate, without finding that the debts allowed exceeded the personal estate, it was held, that though such proceeding was erroneous, and would be set aside on appeal, yet as the court had jurisdiction of the subject matter, and there was no fraud in the case, the decree was valid until thus set aside, and could not be collaterally called in question.

*Hartford,*
*June, 1816.*

Brown
*v.*
Lanman.

The case, as stated in the bill, and found by the court, was as follows. In *January* 1807, the defendant was appointed administrator of the estates of *Barber* and *Billings.* He soon afterwards exhibited an inventory of each estate. That of *Barber* amounted to 1079 dollars, 45 cents, of which 800 dollars was an equity of redemption in an undivided half of a lot of land and a dwelling-house thereon, and the residue personal property. The inventory of *Billings'* estate amounted to 891 dollars, 83 cents, of which 800 dollars was an equity of redemption in the other half of said land and dwelling-house, and the residue personal property. On the 7th of *October* 1807, the court of probate gave an order to the defendant in each case to sell the real estate of the deceased, without ever having found or allowed any debts or charges against their estates, or either of them. The order of sale was as follows : " *James Lanman,* Esq. administrator of the estate of *David W. Barber,* late of *Norwich,* deceased, has exhibited a statement of debts due from said estate, by which it appears necessary to dispose of the real estate of said deceased for the payment of the same ; this court doth therefore empower and direct said administrator to dispose of the real estate of said deceased, either at public or private sale, as he shall judge best, giving proper notice of the time and place of said sale, give a proper conveyance to the purchaser, and make return to this court." The other order of sale, with a change only of the intestate's name, was in the same words. Under these orders, the defendant gave a quit-claim deed of the whole equity of redemption in said land and dwelling-house, to the plaintiffs, and took from them in payment several promissory notes, amounting to 1020 dollars, 38 cents.

Upon these facts the superior court decided, that the plaintiffs were not entitled to the relief prayed for, and dismissed the bill with costs. To reverse that decree the present writ of error was brought.

*Cleaveland,* for the plaintiffs, contended that the administrator having no power at common law to sell real estate, but the only authority he can have to sell in any case being derived from the statute, the provisions of the statute must be strictly pursued, and complied with in every particular ; otherwise no title is conveyed. But the statute authorizes

the judge of probate to order a sale of real estate only in case the *debts allowed* exceed the personal estate.(*a*)    If no debts are allowed, an order of sale is a nullity.    A court of probate being a court of *limited* jurisdiction, it must appear from the face of its proceedings that it had jurisdiction.    Here a fact is wanting without which a court of probate has no more cognizance of the question of *sale* than a justice of the peace has.    In the absence of that fact, he has no authority to interfere.    *Rex* v. *Croke, Cowp.* 26. *Jackson* d. *Cooper & al.* v. *Cory,* 8 *Johns. Rep.* 385. *Stead's* exrs. v. *Course,* 4 *Cranch* 403.

*Hartford,*
June, 1816.

Brown
*v.*
Lanman.

*Daggett,* for the defendants, was stopped by the court.

SWIFT, Ch. J.    This is a petition to set aside notes given for land sold by order of a court of probate; which, it is contended, was void or erroneous.

The court of probate had jurisdiction of the matter in question; and the order of sale is valid on the face of it. Though the proceedings of the court, from the facts stated in the petition, and found by the superior court, were erroneous, and would be set aside on a proper appeal; yet till set aside, the judgment is valid.

The petitioners are strangers to the judgment. They can never directly call it in question; and cannot collaterally impeach it, excepting for fraud.    As the finding of the court negates all fraud in obtaining the judgment, it is binding, and the petitioners cannot call it in question.

It does not appear that any appeal can ever be taken from the order of the court of probate to sell the land, so as to affect the title of the petitioners; but even if it could be done, this would make no difference; for the possibility that the judgment might be reversed would be no ground for vacating a title.    Many instances have occurred of such sales; and this has never been deemed a ground to set aside a conveyance.

(*a*) *Tit.* 60. *c.* 1. *s.* 22. It is as follows: "That when the debts and charges allowed by the court of probate in the settlement of any intestate estate, (or of any testate estate, where sufficient provision is not made by the will of the testator) shall exceed the personal estate, it shall be lawful for the judges of such courts respectively to order the sale of so much of the real estate as shall be sufficient to pay the same, with the incident charges of sale, in such manner as shall appear to them to be most for the benefit of such estates; which sales shall be good and effectual in law."

*Hartford,*
June, 1816.

Brown
*v.*
Lanman.

The title was matter of public record, which the petitioners could examine, and ascertain its validity. There was no fraud, or misrepresentation. Knowing all the facts, they purchased, and took a release deed. Upon these facts, they are not entitled to any relief.

I am of opinion that there is no error.

In this opinion the other Judges severally concurred.

Judgment affirmed.