# WILLARD *against* THE WARDEN, BURGESSES AND FREEMEN OF THE BOROUGH OF KILLINGWORTH:

### IN ERROR.

A vote of a town abridging the right of taking shell fish in a free and common fishery, is void, unless the meeting at which such vote was passed, was specially warned for that purpose.

*Middlesex,*
*July, 1830.*

And it is incumbent on the party offering such vote and seeking to avail himself of it, to shew, that the meeting was so warned.

Willard
*v.*
Killingworth
Borough.

THIS was an action, brought in the name of the borough of *Killingworth*, against *Jonathan Willard*, before *Jared Elliott*, Esq., a justice of the peace, to recover a penalty for taking in *Hammonassett* river and *Killingworth* harbour, and carrying away therefrom, ten bushels of oysters, without any legal permit or licence so to do, contrary to the provisions of a certain by-law of the borough.

On the trial, on the general issue, the plaintiffs offered in evidence an authenticated copy of the by-law mentioned in the declaration, entitled "A by-law relative to the improvement and preservation of the shell fishery within the borough of *Killingworth*," purporting to have been made and passed *October* 24th, 1820, and approved in borough meeting, *October*, 31, 1820. By the 1st section, it was provided, "That no person or persons shall hereafter take, gather or collect any oysters within the limits of this borough, unless such person or persons first obtain permission in writing so to do from one or more of the committee appointed to superintend the taking of oysters, as in this by-law is hereafter provided, on pain of forfeiting for each and every such offence the sum of seven dollars." The subsequent sections of this by-law provided for the appointment and prescribed the powers and duties of the committee. The charter of incorporation empowers the borough "to make by-laws relative to the improvement and preservation of the shell and scale fisheries, and taking fish within their said limits; provided, that in relation to said fisheries, the town of *Killingworth* shall have given their assent thereto." *Stat.* 102. *tit.* 11. *c.* 1. *s.* 11. For the purpose of proving the assent of the town of *Killingworth* to this by-law, the plaintiffs offered in evidence a copy of the following vote: "At a town meeting holden in *Killingworth*, on the 2nd day of *October* 1820.

"Whereas an act was passed, by the General Assembly of this state, at their session in *May* 1820, incorporating part of the town of *Killingworth* into a borough, with power to make by-laws relative to the improvement and preservation of the shell and scale fisheries, and taking fish within the limits of said borough; provided that in relation to said fisheries, said town shall have given their assent thereto: Now, therefore, be it resolved, by the town of *Killingworth*, in legal meeting assem-

bled, that assent be and is hereby given to said borough to make any such by-laws relative to the improvement and preservation of the shell and scale fisheries, and taking fish within the limits of the same, during the pleasure of the town, according to the tenor of said incorporating act ; reserving to all the inhabitants of the town of *Killingworth* the same equal rights and privileges in regard to said fisheries, in every respect." To the admission of this vote in evidence, the defendant objected, on the ground, that the object for which the town meeting was held, did not appear from the face of the vote to have been specified in the warning of such meeting ; and the plaintiffs offered no other evidence in relation to the warning, than the vote itself. The plaintiffs contended, that the vote was legal poof of the assent of the town to the by-law, without further evidence of the object for which the town-meeting was held. The court overruled the objection of the defendant, and admitted the vote for the purpose for which it was offered.

The defendant again objected to the admissibility of the vote as evidence of the assent of the town to the by-law, because it was passed *previous* to the making of the by-law, and purported to be only the assent of the town *prospectively* to such by-laws as the borough should make ; insisting, that this was not such an assent as the charter of the borough contemplated. The court overruled this objection also, and again decided, that the vote was legal proof of the assent of the town to the by-law in question.

The plaintiffs having obtained final judgment in their favour, the defendant filed a bill of exceptions to the interlocutory decisions above stated, and thereupon brought a writ of error in the superior court, assigning the following errors.

1st, That the declaration is insufficient.

2nd, That the pretended by-law, on which the action was brought, is repugnant to the laws of the state, and void.

3rd, That the court admitted such by-law in evidence, without any legal proof that it had ever been passed, at any legal meeting of the warden and burgesses, or that it had ever been approved, at any legal meeting of the warden, burgesses and freemen, of the borough ; whereas it was necessary for the plaintiffs to prove those facts, preliminary to any right to recover.

4th, That the only evidence offered by the plaintiffs of the assent of the town of *Killingworth* to the by-law in question, was the vote of the town, on the 2nd of *October ;* and on that

*Middlesex,*
July, 1830.

Willard
*v.*
Killingworth
Borough.

evidence alone the court held the validity of the by-law to be legally proved; whereas such vote was not, without further proof of the object for which the town meeting was warned, any evidence of the assent of the town to the by-law.

5th, That the vote of the town was passed *before* the by-law was made.

The questions of law arising on this writ of error, were reserved, by the superior court, for the consideration and advice of this Court.

*Seeley* and *Webb,* for the plaintiff in error, contended, that the judgment of the justice was erroneous, on several distinct grounds, embraced within the more general terms of the assignment of errors. It will be sufficient, however, for the present purpose, to notice those only, on which the decision turned.

1. As to the warning of the town meeting. There can be no dispute, that the town meeting, to be legal for the purpose in question, must have been specially warned, and the object of calling the meeting designated in the warning. The statute requires this; (*Stat.* 457. *tit.* 101. *s.* 2.) it was so expressly decided, in the case of *Hayden* v. *Noyes,* 5 *Conn. Rep.* 391.; and the reasons of the law are there so forcibly and satisfactorily given, in the opinion of the court, that there is no room for argument left. The only question under this head, is, on whom rests the burden of shewing such warning? We contend, that the party, who claims under a by-law, must, in the first instance, shew in evidence every fact necessary to its validity.

By the general law, towns have the power to make by-laws to regulate the fishery of clams and oysters within their respective limits. *Stat.* 227. *tit.* 35. *s.* 1. The borough of *Killingworth,* by its charter, is an exception. There the power is given to the borough,—not absolutely and independently, but subject to the assent of the town; and that assent must be given at a meeting warned by a notification, which specified that object.

The plaintiffs come into court, seeking to subject the defendant to a penalty for an alleged violation, not of a general law of the land, but of the provisions of a by-law, professing to regulate the exercise of a common right; and they shew a writing, which they claim to be such by-law. Now, the rules of pleading and the dictates of common sense require, that they should shew, that what they call a by-law is really such,—*i. e.* that it

was passed with all the formalities which the law requires, to give it validity.    They must, in the first place, shew, that it was *passed* at a legal meeting of the warden and burgesses.    They must then shew, that it was *approved*, by the freemen.    As a third step, they must shew the *assent of the town.*    And finally, the by-law must be *published* in a newspaper.    All these proceedings are indispensable to the validity of the by-law : without them, it is not a rule of civil conduct ; and the acts prohibited by it, are innocent.

*Middlesex,*
July, 1830.

Willard
*v.*
Killingworth
Borough.

The plaintiffs attempted to shew, as clearly they must, the assent of the town legally obtained.    How is this to be done ? By shewing, that such assent was obtained, at a town meeting, warned by a notification, which specified this by-law among the objects of the meeting.    That being a fact for the plaintiffs to make out, they cannot rest their case, without shewing it, and leave it for the defendant to prove its non-existence.    That fact is like a mesne conveyance, under and through which a party claims ; which he must prove in the first instance, to make a *prima facie* case of title.

The special warning of the town meeting for the transaction of special business, is the *commission* under and by virtue of which it is holden ; and by the well settled rule, it must be proved.    3 *Stark. Ev.* 1135.    *Mills* v. *Martin,* 19 *Johns. Rep.* 7. 34.    *Monumoi Great Beach* v. *Rogers,* 1 *Mass. Rep.* 159. *Pitts* v. *Temple,* 2 *Mass. Rep.* 539.

The maxim *Omnia rite esse acta,* is not applicable here ; but the true principle within which the present case falls, is this : That any body of men in an artificial capacity, having an acknowledged jurisdiction or authority, to do an act, and having actually done such act, will be presumed to have observed all the necessary formalities.    This principle of presumption applies to all those cases, where the due organization of such body is admitted, and where their *acts* only are in question : but where the matter in controversy depends upon the organization of the body, which is a special or extraordinary one, the facts necessary to constitute a due organization, must be distinctly shewn, and nothing will be presumed which is not so shewn.    Upon this distinction all the cases in the books are reconciled, and no principle is violated.

If the argument *ab inconvenienti* is to be pressed into this case, it is entirely against the plaintiffs.    It is in the power and it is the duty of those who make the by-law to preserve the

*Middlesex,*
July, 1830.

Willard
*v.*
Killingworth
Borough.

memorials of its validity.   When they seek to enforce it, they should be prepared to shew, that they have a right to exact obedience.   But to throw the burden of proof on the defendant, would be to demand of him, what, in the nature of things, it must, ordinarily, be impossible for him to perform.

2. As to the form of assent given by the town.   This means, *ex vi termini*, and from the nature of the case and the object of the legislature, the agreement of the town to some specific act antecedently done, by the borough, and not a general relinquishment of the right of the town.   [This point, (as well as some others which have not been stated,) was fully discussed; but, for the reason before suggested, it is unnecessary to detail the arguments.]

*Sherman* and *Bolles,* for the defendants in error, insisted, I. That the town vote, of itself, furnished evidence, *prima facie,* that the meeting at which it was passed, was legally warned with reference to the business transacted.   They relied upon the maxim *Omnia præsumuntur rite et solenniter esse acta, donec probetur in contrarium,* as applicable to this case.   3 *Stark. Ev.* 1250.   Aside from this presumption, it would be necessary for the party offering a town vote in evidence, *in all cases,* to shew, as preliminary steps on his part, 1st, a notification in writing ; 2ndly, a specification therein of the object ; 3rdly, the signatures of the select-men, or a majority of them ; 4thly, a posting on the sign-post or sign-posts of the town ; and 5thly, that this was done five days before the meeting.   *Stat.* 457. *tit.* 101. *s.* 2.   Such a course was never known in practice ; and it would be intolerably inconvenient.   What an array of witnesses would it require to clear the way for the introduction of the simplest vote a town can pass !  And all this, too, before a single defect is shewn by the opposite party !

If it be said, that this vote stands on different ground from that of town votes generally, because its effect was to sanction a by-law impairing a common right ; it is a sufficient answer, that the statute makes no such discrimination, but requires the same preliminary steps in all cases.   If there is no presumption of regularity in this case, there is none in any.

2. That the assent of the town was properly given.   By the general law, the town of *Killingworth,* at the time when the borough was incorporated, had the right of regulating the shell fisheries within its limits.   This right the legislature did not think

proper to take from the town and give to the borough, without the consent of the former. This power was, therefore, given to the borough, subject to this proviso, " that in relation to said fisheries, the town of *Killingworth shall have given* their assent thereto." The phraseology of the proviso imports a relinquishment of right, on the part of the town, *previous* to the exercise of it, by the borough ; and this is in accordance with the manifest intent of the legislature. Surely, the legislature did not intend to erect the town into a *third house* of the borough, to act upon particular bills for by-laws to regulate the fisheries ! Further ; this objection cannot be made here, not having been specially assigned for error.

*Middlesex,*
July, 1830.

Willard
*v.*
Killingworth
Borough.

DAGGETT, J. There are a number of errors assigned ; but as the Court is satisfied, that the judgment must be reversed for the third and fourth errors assigned, those only will be considered.

The by-law of the borough of *Killingworth* was inoperative without the act of the town of *Killingworth* assenting to it. This was provided for, expressly, in the charter incorporating the borough. When then the vote of the borough was offered in evidence, in support of the plaintiffs' declaration, it was essential to show, that it had been assented to, by the town. This was attempted to be shown, by a vote of the town, passed at a town meeting holden at *Killingworth*, on the 2nd of *October*, 1820. The defendant objected to the reading of that vote, unless it further appeared, by legal testimony, that the town-meeting at which the vote was passed, was specially warned for that purpose. The objection was overruled, by the justice ; and the vote was read. This is, in substance, the matter stated in the third and fourth assignment of errors.

Here, it is admitted, by the counsel on both sides, that according to the doctrine of this Court, in *Hayden* v. *Noyes,* 5 *Conn. Rep.* 391. any act of a borough or town, abridging the right of any portion of the people of this state, except its own inhabitants, to take shell fish in any free and common fishery, was void, unless it appeared, that the meeting, at which the act was passed, *was specially warned for that purpose.* I feel no disposition to disturb that decision.

But, it is insisted, by the defendants in error, that the plaintiff in error was bound to show, that no such warning was given. The plaintiff, on the other hand, contends, that it became the

*Middlesex,*
*July, 1830.*

Willard
*v.*
Killingworth
Borough.

party seeking to enforce this by-law of the borough to show such a vote of the town as the law requires ; and that such a vote of assent could not be shown, unless it also appeared, that the meeting at which it was passed, was specially warned for that purpose. This doctrine I am inclined to adopt as being reasonable, and in analogy to general principles which govern such questions. The borough and the town are, confessedly, inferior corporations. They act not by any inherent right of legislation, like the legislature of the state ; but their authority is delegated ; and their powers, therefore, must be strictly pursued. *Within* the limits of their charter, their acts are valid ; *without* it, they are void. It having been established, in the case of *Hayden* v. *Noyes,* above cited, that to render an act of a town, precisely of this character, valid, it must appear, that the meeting of the town had been specially warned for that purpose ; and this not appearing on the doings of the town, in this case, nor from any proof *aliunde* to establish the fact, the judgment is erroneous. Perhaps it should appear on the face of the proceedings ; but at least, he who seeks to enforce the act, should prove such warning to have been given. In my view of the case, therefore, the judgment is to be reversed.

The other Judges were of the same opinion.

Judgment to be reversed.