## WATTLES *against* HYDE and another.

It is essential to the validity of an order of the court of probate for the sale of land, that it should appear on the face of the order, that the debts and charges allowed exceed the personal estate.

An order of the court of probate for the sale of land for the payment of legacies not charged upon the real estate, is invalid.

Therefore, where the order stated only that the personal estate would be insufficient to pay the debts and legacies due from the estate of the deceased, and allowed by the court of probate ; it was held, that such order was void.

Where it appeared, in an action against A. and B., on a probate bond, executed by A. as principal and B. as surety, for the faithful performance of the trust of A. as executor of C., that A. being the son of C., went into possession of a farm belonging to C., in *April*, 1827 ; that in that year, A. raised produce on such farm and paid all the expenses thereof ; that C. died in *September*, when a part of such produce was growing on the farm ; and in *December* following, A. exhibited to the court of probate an inventory of the estate of C. in which such produce was included and appraised as part of such estate ; it was held, that in the absence of any mistake in point of fact in making out the inventory, the produce must have been put into it by A., either for the purpose of keeeping it out of the way of his own creditors, he being a bankrupt, or from a consciousness that he was indebted to C. in that amount ; and that in either case, A. could not reclaim the property, but must be responsible for it in such action.

In such case, the remedy of A. for his labour and expenses, is, by the settlement of his account with the court of probate.

The liability of the surety in a probate bond, is coextensive with that of the principal.

THIS was an action on a bond given to the plaintiff, as judge of probate, by the defendant, *Samuel Hyde,* as principal, and *Joshua Tracy,* as surety, for the faithful performance of the trust of *Hyde* as executor of the last will of his father *Joseph Hyde.*

The cause was tried, on the plea of *non est factum,* at *New-London, September* term, 1830, before *Daggett,* J.

On the trial, the execution of the bond was admitted. It was also admitted, that all the conditions had not been per-

formed ; and the only question was as to the amount of dama-ges to which the plaintiff was entitled. He claimed a right to recover the sum of 175 dollars, received of the executor, as the purchase price of a tract of land in *Middletown*, sold by him, by virtue of an order of the court of probate ; for which he, the executor, had not accounted. The order was as follows : "*Samuel Hyde*, executor of the last will and testament of *Joseph Hyde*, late of this district, deceased, making it appear to this court, that the personal estate will be insufficient to pay the debts and legacies due from the estate of said deceased, and allowed by said court ; and no provision having been made, by said will, for that purpose ; and on motion of said executor ; it is ordered, by this court, that said executor sell, at public auction or private sale, all the real estate of said deceased lying in *Middletown* in the county of *Middlesex*, upon the best terms he can, and execute proper conveyances thereof." It was admitted, that no settlement of the personal estate of the deceased had been made, nor had the debts due to his estate been ascertained, by the judge of probate. The defendants claimed, that the order was void, and prayed the judge so to instruct the jury, and consequently, that the item of damages in question could not be allowed. But the judge instructed the jury, that the order was not void ; and that such item of damages must be found and allowed by them.

The plaintiff further claimed, that the sum of 901 dollars, the amount of produce contained in the inventory of said estate, ex-hibited to the court of probate, by the executor, should be charged against the defendants, as another item of damages. The defendants introduced evidence, by which they claimed to have proved, that the executor, being the son of the testator, went into possession of a farm belonging to the testator, in *April*, 1827 ; that in that year, he raised produce on such farm and paid all the expenses thereof ; that the testator died in the month of *September*, 1827, when a part of such produce was growing on the farm ; that the inventory was exhibited, by the executor, in the month of *December* following ; and that such produce was put into the inventory and appraised as the estate of the testator. On these facts, the defendants claimed, that the jury should be instructed, that they might deduct from the amount of the produce a reasonable sum for the expenses of raising it. But the judge instructed the jury, that if the executor caused it to be inventoried as the estate of the

*New-London,*
*July, 1831,*

Wattles
*v.*
Hyde.

testator, (and there was no proof or pretence of mistake in making out the inventory) it must be presumed to have been done, either to keep it from the creditors of the executor, who was proved to be a bankrupt, or that he owed his father and placed it in the inventory to pay him ; and in either case, he could not reclaim it, but was concluded by the inventory.

The jury returned a verdict for the plaintiff, with damages in conformity to the direction of the judge ; and the defendants moved for a new trial for a misdirection.

*Goddard* and *J. W. Huntington*, in support of the motion, contended, 1. That the order of sale was unauthorized and void.

It was unauthorized, first, because it directed a sale of land for the payment of legacies. The statute gives no authority to the court of probate to order a sale of land to pay legacies, even where they are, by the will, charged on the land. *Stat.* 205. *tit.* 32. *c.* 1. *s.* 25. *Goodwin* v. *Chaffee,* 4 *Conn. Rep.* 163. But in this case, it does not appear, that the legacies were charged upon the land. Secondly, because there is no finding of the amount of debts allowed ; nor does it appear, that they exceeded the personal estate. *Griffin* v. *Pratt* & al. 3 *Conn. Rep.* 513.

If the order was unauthorized, it was extrajudicial and void. *Griffin* v. *Pratt,* in this respect, overrules *Brown* & al. v. *Lanman,* 1 *Conn. Rep.* 467.

2. That an executor, by inventorying his own property as the estate of the testator, does not transfer the title—whether this be done to defraud his creditors or pay a debt of his own. But as this property belonged *in part* to the estate, he might have put it into the inventory for neither of these reasons, but from a conscientious regard to truth and justice, supposing that his remedy was by an allowance for his labour and expenses. As the plaintiff seeks, in this action, to recover for a breach of the defendant's bond in respect of that property, the allowance ought now to be made in reduction of damages. It is obviously unjust, that the plaintiff should recover the full amount of the inventory, when it is considered, that that amount has been made up in part, by the executor's own labour and money. Further, it is the *surety,* who defends ; and he has done nothing to preclude him from shewing the value of the testa-

tor's interest in the property, independently of the value added by the labour and money of another.

*H. Strong*, contra.

DAGGETT, J.   An objection was taken to the charge of the judge on two points in respect to damages.

1. The plaintiff insisted, that he had a right to recover the sum of 175 dollars, as the price of a certain parcel of land, sold by the executor, in *Middletown*, under an order of the court of probate ; and that the executor had not accounted for the money.   The defendants objected to this item of damages, on the ground that the order was void, and therefore, the land remained the property of the heirs of the deceased.

The order was claimed to be void, because it did not appear, on the face of it, what the amount of the debts and charges was, nor the value of the personal estate ; and therefore, it could not be ascertained, that there was a deficiency of this fund : Also, that the real estate could not be sold for the payment of legacies.   The court, at the circuit, felt itself bound by the decision of the case of *Brown* & al. v. *Lanman*, 1 *Conn. Rep.* 467. and directed the jury to allow that sum against the defendants.

The order of sale in that case was as follows : " *James Lanman*, Esq. administrator of the estate of *David W. Barber*, late of *Norwich*, deceased, has exhibited a statement of debts due from said estate, by which it appears necessary to dispose of the real estate of the deceased for the payment of the same : this court doth, therefore, empower and direct said administrator to dispose of the real estate of the said deceased, either at public or private sale, as he shall judge best, giving proper notice of the time and place of said sale, give a proper conveyance to the purchaser, and make return to this court."—The court say, in giving their opinion, that the court of probate " had jurisdiction of the matter in question, and the order of sale is valid on the face of it."   The judge supposed, that the principle of that decision was applicable to this case ; and that he was bound by it.   The question of the powers of inferior courts of limited jurisdiction has been several times of late before this Court ; and decisions have been made, which go a great way to impugn the doctrine of *Brown* v. *Lanman*.

Thus, it was decided, in *Griffin* v. *Pratt*, 3 *Conn. Rep.* 513., that the replication to a plea of performance in an action on a probate bond, that the administrator caused the estate of the deceased to be represented insolvent ; and after the debts had been ascertained by commissioners, the court of probate gave orders to sell all the estate &c. was an insufficient averment of the facts necessary to authorise a sale.   A principle analogous to this was adopted, at the last term of this Court, in the case of *Willard* v. *Killingworth Borough*, 8 *Conn. Rep.* 247.   And again, at the present term, in the case of *Starr* v. *Scott*, 8 *Conn. Rep.* 480.   The result of our examination of this question, is, that as the court of probate has no jurisdiction over the real estate of a deceased person, except where the sale of it becomes necessary for the payment of debts, and that it shall be lawful for the court to order a sale *only* where the debts and charges allowed by him, shall exceed the personal estate, and then only for the excess, it is essential to the validity of such an order, that those facts should appear on the face of the order.

This order was, also, for the payment not only of debts, but *legacies*.   It did not appear, that these legacies were charged on the real estate ; nor that the deceased had not personal estate sufficient to pay them.   *Swift* v. *Edson*, 5 *Conn. Rep.* 531.   Tested by these decisions, the charge of the judge was incorrect, and a new trial must therefore be granted, unless the plaintiff will remit of his damages 175 dollars ; and in that case, a new trial will be denied.

2. It was insisted, by the plaintiff, that the amount of the inventory made out by the executor under oath, agreeable to the provisions of the statute, consisting of the produce of the farm for the year 1827, and the stock on the farm, was justly chargeable against the defendants ; and that the appraised value thereof, so far as it had not been accounted for, must be recovered.   The defendants urged, that as the executor had been on the farm during the year, and had contributed his time, labour and money towards raising this produce, and purchasing and raising the cattle, &c. he should be allowed a reasonable compensation ; and that such sum should be deducted from the appraised value.   The court instructed the jury, that if there was no mistake, in point of fact, in making out the inventory, then the produce and stock must have been placed there, either for the purpose of keeping it out of the way of his own credit-

ors, it having been proved that he was a bankrupt, or from a <span style="float:right">*New-London,*</span>
consciousness that he was indebted to his father in that <span style="float:right">July, 1831.</span>
amount ; and that in either case, he could not reclaim the prop- <span style="float:right">Wattles</span>
erty, but must be responsible for it, in this action. <span style="float:right">*v.*<br>Hyde.</span>

I see no error in this charge. The only plausible ground assumed by the defendants, is, that the labour, time and money of the executor, ought, in some way, to be paid for. If this be so, and I do not deny it, obviously, this account must be settled, by the executor, with the court of probate. It is impossible to sustain the position, that in an action on the probate bond, the executor or administrator can bring in claims, by way of set-off, which are properly cognisable by the judge of probate.

It is said again, that this question should have been left to the jury. It is not easily seen, that there was any question, except a question of law. It was faintly suggested, that the surety, *Tracy,* cannot be liable for this property ; for it might have been shown, by him at least, that this property did not belong to the deceased. It may be sufficient to remark, that the liability of the surety is coextensive with that of the principal. For this purpose, the statute required that every executor and administrator should procure a surety.

Let there be a new trial, unless the plaintiff will remit, &c.

The other Judges were of the same opinion.

New trial to be granted *nisi.*