*508 OPINION of the Court, by
Ch. J. Boyle,
This was an action by petition and summons upon a note for the payment of money ; to which the defendant pleaded, that the consideration for which said note was given was not good or valuable in law: upon which issue was joined, and an agreement made by the parties that any spécia.1 matter might he given in evidence. On the trial the defendant read in evidence an act of the legislature, entitled “ an act for the better regulation of the town of Lexington,” approved the 26 th day of January 1811, and the bylaws and ordinances of the town, passed the 2d of May 3 811, and proved that in 1813 he °Pene(l a theatre in Lexington, and made theatrical ex-, hibitions from time to time, without obtaining a license according to the bylaws and ordinances; insisting that ⅜⅛⅛ bylaws and ordinances requiring a license and imposing a tax lor the same, were unauthorised and void. That in consequent? thereof the trustees resolv-for the penalty of ten dollars, the fine f°r °be offence, for the purpose of trying the question, witiinut proceeding for an y other violation of the by-jaws until the first case should be decided ; that the trustees accordingly brought a warrant and recovered ⅝ judgment before a justice of the peace against the defen* *509 slant: from which judgment he appealed to the comity court, which court being of opinion tire bylaws were au-thorised am’, valid, affirmed the judgment. That after the decision of the county court, tiie trustees being about to proceed against the defendant for other fines and penalties'wliicli be had incurred for making theatrical ex-Mbitions without license, he came to an adjustment with the trastees, and agreed to give his note for the amount of tax he would have paid if lie had complied with ti e said bylaws by taking out license, in lieu of the ñnes which the trustees agreed to waive in consideration -of the said note ; which note, was made payable in twelve months, and the note in question is a renewal or conti.nuation of said note.
rhe nlent of * cr'u-rt ⅛⅛*, whe. iher i' be em>“¿‘,⅛ or."nr’ls main, ⅛ conciufive upon tlie parties.
Upon this evidence the plaintiff ⅛ counsel moved the court to instruct the jury that if they should find from the evidence that the defendant had full opportunity of obtaining advice as to the legality of the bylaws under which the trustees claimed the money, and had, after availing himself of that opportunity by consulting with his friends and several members of the bar, made au arrangement or compromise with the trustees, by giving his note on long time, they should find for the plaintiff; and the counsel for the defendant moved the court to instruct the jury that so much of the bylaws as imposes a tax on a license to exhibit any kind of show or performance, or imposes a fine for not taking oat a license for the same, is illegal and void ; and that if they should find that the note on which the suit was brought was given for such tax or fines, they should find their verdict for the defendant.
The court refused to give the instruction moved for on the part of the plaintiff, but gave the instruction moved for by the defendant, to which the plaintiff excepted ; and a verdict and judgment having been given for the defendant, the plaintiff lias appealed to this court.
In discussing the question whether the court belo\v erred either in refusing the instructions asked by the plaintiff, or in giving those reqnired by the defendant, we do not deem it material to inquire how far the bylaws of the town of Lexington, so far as they impose a tax upon a license for making'theatrical exhibitions, or a fine for making such exhibitions without license, are valid or not; because we apprehend that a decision of that point is not necessary to a final determination of the *510 controversy between the parties. If indeed those laws were valid, it would follow that the court below had erred in instructing the jury that they were illegal and void ; but admitting them to be illegal and void, we should still be of opinion, that the note given by the defendant was valid, and consequently'that the court erred in refusing to instruct the jury to find for the plaintiff, and in instructing them to find for the defendant.
It is not pretended that the compromise made by the parties, which resulted in the execution of the note by the defendant, was produced by any fraud on the part of the trustees, or that he acted under the influence of any mistake of either law or fact. If the note executed in consequence of a compromise thus made, should he permitted to be impeached merely on the ground that the trustees had no right in law to demand of the defendant the money for which the note was given, it is plain that no contract of compromise, by which cither party yields any thing to which he had a legal right, would be binding or obligatory. Such a doctrine, as it would in effect render nugatory every contract of compromise, cannot be admitted to be correct.
But to obviate the objection on this ground to the de-fence set up by the defendant, it was contended in argur ment, that as the county court, the only tribunal which in the last resort had cognizance of the fines imposed upon him by the trustees, had decided that the bylaw's of the trustees were valid and binding, the defendant would have been compelled wrongfully to pay those fines, had not he entered into the arrangement and executed the note in question. But most assuredly this argument is not entitled to the weight which the counsel for the defendant seemed to think it deserved. The argument admits the county court to have had jurisdiction of the case ; and surely no principle can be better settled, than that the judgment of a court of competent jurisdiction, whether it be erroneous or not, is, while it remains in force, conclusive upon the parties to such judgment; for res judicata vera habetur, is a maxim @f law as well as of sound policy. So far, therefore, as the county court had adjudged the defendant liable to pay, he was not only under a legal obligation to pay, but was forever concluded from questioning the correctness of their judgment.
Judgment reversed with costs, and cause remanded for new proceedings.