Dougxas, Ch. J. :
This suit was brought up by writ of error from the Circuit Court of Jefferson County. It was instituted, (as appears by, the declaration), to recover the amount of a promissory note for two hundred and two dollars, with interest from the first day of February, eighteen hundred and thirty-four, given by' William- B.'Nuttall, (in his life time), to one Francis C. Pripleau, and endorsed by him to-the plaintiff. The defendants put in four pleas. . First, the general issue. Second, the Statute of Limitations. . Third, Plene Administravit; and Fourth, a plea in the following words, to wit: And for further plea in this behalf) said defendants come and defend the wrong and injury when, &c., and say actio non; because they say they are not now either o.f them Administrator, or Admiriistratrix of the said William B. Nuttall, deceased; but on the day, and year of the commencement of this action, and before its c'ommencenient, to wit, on the 25th day of March, 1844, in the. County aforesaid, they were by competent authority, to wit, the Hon. the County Court of Jefferson County, duly and lawfully discharged of and from their administration of the said estate of William B. Nuttall,, deceased, as appears by the record remaining in said County-Court, and this they are ready to verify by said record. Wherefore, they pray judgment, &c.
Upon the first plea, issue was joined. To the second and third, the plaintiff, by his counsel, demurred ; and his demurrers were sustained. To the fourth, the plaintiff, by his counsel, put in a special demurrer, and, assigned therefor the following causes, viz :• For that the said defendants do not allege in their said plea, that they have *330 fully administered all the goods'and chattels, lands and tenements, rights, credits and effects, which were'of said William in their hands to tbe administered; nor do they therein allege that they have delivered all arid' singular the goods and chattels, -&C.; in their hands to be administered,..not administered at the date -of their alleged discharge from said administration, to the hands of such person, or persons, (if any such there were), named and appointed Administrator or Administratrix in their' place and stead, and to whom administration of the goods and chattels, lands and tenement’s, rights, credits and effects of the said William, unadministered by the said defendants, hath been granted : and also, for that the said defendants do not in (their said) ple.ai allege- that they' had no notice of the Said demand of the said plaintiff in said declaration mentioned, before or at the time of their alleged discharge:' and- also, for that said plea is in othqr respects uncertain, informal and insufficient, ‘ • , .
-This demurrer -was overruled, the plea sustained,-attdfor that cause alone the case was brought up to this Court, ,
The errors assigned are : 'First, .The Court erred in overruling the demurrer of the plaintiff to the defendants’ fourth plea. Second. The Judgment of the Court should have been for. plaintiff below on said demurrer. . • • <
The Statute authorizing the discharge of an Executor or Administrator is in the following words, viz : That if any Executor or Executrix, Administrator or Administratrix, shall be desirous of obtaining a discharge from his or her executorship or administratorship," it shall be competent for him of her to receive the '^ame upon application-to the Judge of the County Court, or other person charged -with the. duti’es-qf ordinary. Provided, That six months’ noticfe of such intended application-be given in one oS more of the gázettes-neafest the place where the letters were ‘granted"! And provided also, That it shall appear that said applicant has faithfully-and horiestly discharged the trust and confidence reposed in him or her; and the discharge so obtained, shall' be taken to opera'te as a release, from the duties of Executor or Executrix," Administrator of, Administratrix; and shall furthermore operate as a bar to any suit against the person so having acted as Executor or'.Executrix, Administrator or Administratrix, unless the sanie be commenced within five years from the date of such discharge, 'saving to 'all persons non compos mentis, infants, imprison *331 ed, or beyond the seas, who may have any interest in the said estate two years from the time of the removal of any disabilities herein enumerated. See Act of 15 February, A. D., 1834, sec. 5, Duval’s Comp., page 188.
This presents several very important questions upon the construction of this Statute, which have been very seldom raised, and never, it is believed, settled by any authoritative decision in this State; and which, viewing them in any aspect in which they may be presented, are not perhaps entirely clear of difficulty, although we think that a due consideration of the phraseology of the section referred to, and the application thereto of the proper canons of construction, will leave little room for doubt upon the subject. Whether there is such a Statute in any other state or country, we are not advised; certain it is, that we have not been referred to any decisions made upon a Statute like this, and without the aid of any such decision we must endeavor to construe it by such lights as we have.
This case has been argued on behalf of the plaintiff in error, as though it stood upon the same grounds as if there had been a revocation of the letters of administration granted to the defendants in error upon the estate of Nuttall; but a reference to the reasons for a revocation of such letters, and the mode of proceeding in relation to a revocation, and the mode of proceeding to obtain a discharge under this Statute, and what the Statute requires to be shewn before a discharge can be granted, it will be seen that the two cases are widely different, and bear little or no analogy to each other. If there be an Executor, and administration is granted before probate and refusal, it will be revoked on the will being afterwards proved, because it is void. Comyn’s Digest, Title Admr., B. 1. Or, if there be two Executors, and one of them proves the will and the other refuses, and he who proved the will dies and administration is granted before the refusal of the survivor, subsequently to the death of the Co-executor. Abrams vs. Cunningham, 2 Levintz, 182. Toller on Executors, 120, (to which' many other cases of a similar description might be added). Also, if granted by incompetent authority. Tol-ler on Exors., 120. In all these instances the administration is a nullity. But there is another class of cases, where administration is not void, but voidable only; as if administration be granted to a party not next of kin. Blackborough vs. Davis, Salk. 38. 1 P. Wms. 43. *332 Or to one of kin together with one not of kin. Comyn’s Digest, Title Admr. B. Or to the wife’s next of kin, instead of the husband’s, 11 Vin. Abr. 11. Or if it be granted on the refusal of an Executor who had before administered. Comyn’s Digest, Title Admr., B.. 8. Or to a stranger. Wilson vs. Patterson, Moore, 396. Or if the grantee has become non compos mentis, or otherwise incapable. 11 Vin. Abr. 115,116. In all these cases, and many more that might be added, the revocation is made on the grounc] that it was granted improvidently, or was granted to the wrong person; or that circumstances have occurred since it was granted, which shew that it ought not to be any longer continued in the same hands. Our Statute seems to have added another, viz: “ Where the securities on any bond given by Executors or Administrators are insufficient, the Court or Judge shall order that additional security be filed; and if not complied with, within such time as shall be directed in said order, the said Court or Judge may revoke the letters testamentary or of administration and appoint a receiver or other administrator.” Act of 20th Nov., 1828, Duval’s Comp, page 176, sec. 31. In England, the ordinary cannot revoke the grant on account of abuse, and the reason alleged is, that he ought to take sufficient caution in the first instance to prevent maladministration. 11 Vin. Abr. 15. Thomas vs. Butler, 1 Ventre, 219. Toller on Extos. 125.
At common law the ordinary might repeal an administration at his pleasure; but now, since the Statute 21st Hen. 8, if administration be regularly granted to the next of kin, according to the provisions of the same, the ordinary has no such discretion. If he assign a cause for a repeal, the temporal courts are to judge of its sufficiency, 11 Vin. Abr. 114. Comyn’s Digest, Title Admr., Book 8. Black-borough vs. Davis, 1 Peere Wms., 42. How far the Statute of 21st Hen. 8, affects the powers of Judges of Probates in this State, or whether it affects them at all, it is not necessary for us now to en-quire. It certainly does not prevent a revocation of letters by them, pursuant to the provisions of the 31st section of the Act of 20th Nov. 1828, above cited. In every case, however, of a revocation of letters of administration, whether absolutely void or merely voidable, the Court, at the instance of some person interested, or upon its own motion, proceeds against the person to whom administration has been committed; and upon the ground, too, that he never had any just *333 claim to such letters, or that the interests of those who have a claim upon the estate would be jeoparded by his being permitted longer to hold it, and not upon the ground that the.person to whom such let. ters had been granted had fully administered. In the proceeding now under consideration, the Court (after due notice) acts upon the application of the party to whom administration was granted, (and who seeks a discharge), and cannot grant such discharge until it shall appear “ that the said applicant lias faithfully and honestly discharged the trust and confidence reposed in him or her.” Now, wbat is the trust and confidence reposed in an Executor or Administrator ? This will be best answered, perhaps, by referring to the oath which they are respectively required to take in relation to the performance of this trust, and the act concerning wills, letters testamentary, and letters of administration, and the duties of Executors, Administrators and Guardians. Sec. 4, Duval’s Comp., pages 169, 170, provides, “that all Executors taking out letters testamentary on the estate of their Testator, and all Administrators with the will annexed, shall make oath, or affirm, before the Court or Judge, that they will well and truly perform the last will and testament of the Testator and pay all just and lawful debts, so far as his goods and chattels, rights and credits, will extend, and that they will make a true and correct inventory of the same, and render a true account of their administration when required.” And every Administrator is required by the same Act to “swear, or affirm, that he will well and truly administer all and singular the goods and chattels, rights and credits, of sajd deceased, make a just inventory of the same, 'pay Ms debts as tar as the assets of the estate shall extends and the law direct, and make a fair distribution according to law, and render a true account of the administration of the estate when thereto required.” The bond required by the 9th section of the same Act, Duval’s Comp., page 170, also imposes upon an administrator an obligation “ well and truly to administer all and singular the goods, chattels, rights and credits, of the deceased, at the time of the death of said deceased, or which at any time after shall come to his hands or possession, or into the hands or possession of apy other person or persons for him, according to law; and, further, to make, or cause to be made, a true and just account of his administration when required, and to deliver and pay all the rest and residue of said goods and-chattels, which shall be *334 found remaining upon said Administrator’s account, the same being first examined and allowed by the County Court of the county where the said administration was granted, to such person or persons respectively as the same Court by their order or decree, (pursuant to the true intent and meaning of this act), shall appoint and direct.” And if we resort to the principles of the common law on the subject, we shall find the trust and confidence reposed in Executors and Administrators is in effect the same. Now how can it be said that an Executor or Administrator has faithfully and honestly discharged the trust and confidence reposed in him until all these requirements have been, fulfilled — until the Executor has well and truly performed the last will and testament of the Testator, and paid all just and lawful debts so far as his goods and chattels, rights and credits, would extend, &c.; or the Administrator has well and truly administered all and singular the goods and chattels, rights and credits of the deceased, made a just inventory of the same, paid his debts so far as assets extended and the law directs, and made a fair distribution according to law, &c. 1 We think it cannot, and that it was the duty of the Judge of the County Court, before granting the discharge set up as a. defence in this case, to see that these defendants had well and truly administered, paid the debts so far as the assets extended, made a fair distribution of all the rest and residue of the estate, according to law; because without this they cannot be said to havefaithfully and honestly discharged the trust and confidence reposed in them. The word discharged here means performed, executed, freed from obligation. Before the Court can hear the application of an Executor or Administrator under the provisions of this act, before it can even take jurisdiction of the case at all, “ six months’ notice,” (as we have seen), ‘£ of such intended application must be given in one or more of the gazettes nearest the place where the letters were granted.”
Does a discharge, obtained pursuant to these provisions, operate as a bar to suits instituted against the person who has been thus discharged, in the character of Executor or Administrator, treating him and charging him as such in the same manner as though no such discharge had been granted ? This question depends upon the proper construction of the fifth section of the act of 15th Feb., 1834, before cited. One of the primary rules laid down by the sages of the law for the construction of Statutes is, that “ there are three facts to be *335 considered in the construction of all remedial statutes; the old law, the mischief, and the remedy," — that is, how ■ the common law stood at the time of making the act, what the mischief was for which the case did not provide, and the remedy the Parliament hath provided to cure the mischief. 3 Reps. 7, Co. Litt. 11, 42. 6 Bac. Abr. Title Statutes, 383. 2 Inst. 301. Now what was, the old law? By the common law, as it stood at the time of the .passage of this act, an Executor or Administrator, although he may have fully administered, although he may, (in the words of the act), have faithfully and honestly discharged the trust and confidence reposed in him, he could not obtain a discharge. The mischief was that he still remained liable to be sued by creditors, legatees and persons entitled to distribution ; and to defend every such suit, was obliged to employ counsel, put in his plea of plene administravit, go. into an investigation of his accounts, and shew that he had fully administered ; by which, even if he succeeded in his defence, he was put to great vexation, trouble and expense ; but by sickness, loss, of vouchers, or other casualty, both himself and counsel might be prevented from making the necessary defence, and a judgment would in such case be obtained against him without any proof of assets, which would render him liable to pay the debt out of his own estate, (if he had any), and would render his sureties liable, wherever surety had been given, (and it must be given in all cases by Administrators, and in some cases by Executors also); and where the defendant should be unable to satisfy the judgment, his sureties would of course be compelled to pay it for him, unless indeed they could shew, (as the statute would permit them to do), that he had fully administered ; to do which, would subject them to the same vexation, trouble and expense, which would be a great hardship on them, thus placing a party in a situation most inconceivably distressing to an honest and ingenuous mind. Another evil resulting from this state of things was its tendency to present persons the most suitable for the discharge of such duties from incurring such interminable liabilities. The remedy intended by the Legislature was, we think, a speedy “ release from the duties of Executor or Executrix, Administrator or Administratrix,” after a faithful and honest discharge of the trust. And another rule of construction requires that in construing a statute, the' intention of the makers is to govern, although such construction may seem to be contrary to *336 the letter of the statute. Bac. Abr., Title Statutes, 383. Jackson vs. Collins, 3 Cowen, 89. Reddick vs. Governor, 1 Miss., 147. Beall vs. Howard, 2 Harr. & John., 167. Wilkinson vs. Leland, 2 Peters, 662. People vs. Utica In. Co., 15 John. 338. Minor vs. Mechanic’s Bank of Alexandria, 1 Peters, 64. Dwarris on Statutes.
We are not obliged in this case, in order to sustain our view of the proper construction of this Statute, to carry the intention of the Legislature beyond the literal words of the 5th section of the Act, or to put a construction upon them that may seem even to be contrary to the letter. Until we arrive at the provision in the Statute now under consideration, Executors and Administrators are always spoken of as such, but here the phraseology of the Act changes. They are no longer spoken of as Executors and Administrators; no longer considered as such, and certainly they no longer represent the estate.— To this the case, of Skinner vs. Frierson & Crow, 8 Alabama Rep. N. S. 915, which arose under a Statute of that State, authorizing Executors and Administrators to resign their authority by writing, delivered into the Clerk’s Office, Aikin’s Digest, 127, is in point. The words of the provision we are discussing, are, “ and the discharge so obtained shall be taken to operate as a release from the duties of Executor or Executrix, Administrator or Administratrix; and shall furthermore operate as a bar to any suit against the person so having acted as Executor or Executrix, Administrator or Administratrix, unless the same be commenced within five years from the date of said discharge.” The discharge is not a bar to any suit brought against the person so having acted, if brought within five years from the. date df such discharge. This change of phraseology, we think, has a meaning too clear to be disregarded.
The distinction between suits against Executors and Administra, tors “ as such,” and suits to charge them personally, runs through all the books, is familiar to every lawyer, and must be supposed to have been known to the Legislature who passed this Act; and having provided for a discharge which should operate as a release from all the duties of Executor or Executrix, Administrator or Administratrix, they took care, (in authorizing suits to be brought against them after such discharge), to use a term which only authorizes suits to charge them personally. “ Any suit against the person so having acted,” is *337 clear and definite, and would seem to admit .of no misapprehension. “ A Statute ought, upon the whole, to be so construed that if it can be prevented, no clause, sentence or word, shall be superfluous, void, or insignificant.” 1 Shower, 108.- Bac. Abr., Title Statutes, 384. One part of the Statute, too, should be so construed by another, that the whole may, if possible, stand. TJt res magis vdleat qaam pereai., 1 Reps. 48. 1 Blk. Comm. 89. The words, “ the person so having acted,” are very significant. Suits may be brought against the person so having acted; but when they are so brought, the burden of proof is changed. The onus probandi rests on the plaintiff; and he must, to enable him to recover, shew by his pleadings and his proof, that at the time when the discharge was granted, the defendant had not faithfully and honestly discharged the trust and confidence reposed in him or her. This is the remedy intended by the law-makers for one of the evils above suggested, and it is a remedy of which the plaintiff has no cause to complain. The application , for such discharge is a proceeding in which all the persons interested in the estate are to be brought before the Court by advertisement for six months, the Statute seeming to suppose what in most cases is true, that an Executor or Administrator cannot know the names of all creditors, and persons entitled to distribution. The Statute does not say in terms, what effect this notice is to have; but if it can have a sensible meaning, it should not be disregarded; and when we see the next proviso, to wit, that if it shall appear that said applicant has faithfully and honestly discharged the trust and confidence reposed in him or her, we are led to the conclusion, that the six months’ notice was designed by the Legislature to give all creditors and distributees, ample time and opportunity to appear and contest the question whether the Executor or Administrator had in fact “ faithfully and honestly discharged the trust and confidence reposed in him or her.” If they fail to appear, the discharge, of course, is granted upon the applicant’s own showing, if he satisfies the Judge of the faithfulness and honesty of his transactions. If they appear and contest, and the decision is against them, they have a remedy by appeal under the provisions of the Statute; and in either case, they still have a further remedy by suit against the person, as before stated. No such discharge can be granted until the expiration of two years from the grant of letters testamentary or of administration; because that time is given by the *338 18th section of the Act of 20th Nov., 1828, above mentioned, within which to present claims against the estate, unless it be where the assets have been entirely exhausted by the payment of privileged debts, under the provisions of the 29th section of that Act, or of the Act of 12th February, 1841, amendatory thereto. See Acts'of 1841, page 186. And due notice is required by law to be given for the presentation of all claims against the estate by the 20th sec. of the Act of 20th Nov., 1828.
This is not a solitary instance where our Legislature has evinced a laudable disposition to save the honest and praiseworthy from the grasp- of a rapacious creditor, while it has taken care, at the same time, to leave an open way whereby to reach dishonesty and fraud. The Supreme Court of Alabama, in the case of Thomason vs. Haynes’ Executors, 5 Stewart & Porter, 181, held that an Executor cannot, by a resignation of his authority as such, avoid the rendition of a judgment against him as may be in regular progress for assets un-administered at the time of his resignation; but remarked, “ What would have been the consequence of a resignation at an earlier stage of the administration, it-is not now necessary for us to enquire.”
This proceeding, however, is essentially different from the one we have been considering. There, no notice is given, no account required, no shewing made or required to be made of a full and faithful administration, no action of the Court is had. Here, was a full accounting, and a judgment of a Court of competent jurisdiction, which we are not at liberty to disregard, rendered in a proceeding governed entirely by the provisions of a Statute highly remedial; a proceeding to which the ordinary rules relating to the rights of creditors in the Ecclesiastical Courts and Courts of Probate have no application. But a judgment to .which the general principles of law relating to the conclusiveness of judgments, do not fully apply; for by those principles, a judgment of a Court of competent jurisdiction is conclusive upon the parties as long as it remains in force. Wallace vs. Usher, 4 Bibb, 508. Hayden vs. Booth, 2 A. K. Marsh. 353. So a judgment or decree of a Probate Court, is conclusive between the parties, until legally disaffirmed, and cannot be enquired into collaterally. Judges of Probate vs. Filmore, 1 Chipman, 423. Bush vs. Sheldon, 1 Day. 170. This judgment, however, owing to the peculiar provisions of the Statute, is not so far conclusive as to bar *339 suits against the person to whom letters testamentary or of administration have been granted, and who have been duly and legally discharged, if brought within five years after the date of such discharge, for any personal liability incurred in the management of the assets; and why should a suit be brought for any other purpose ?
This discharge is “ to operate as a release from the duties of Executor or Executrix, Administrator or Administratrix.” This language is in “ presentí,” but a release from these duties would not (it is apprehended) operate as a bar to a suit brought against the person who had thus acted as such Executor or Executrix, Administrator or Administratrix, for any liability incurred for an unfaithful or dishonest act in regard to the assets with which such person had been entrusted, and for which, if a suit were instituted, it would charge him personally. As, however, the discharge might operate as a bar to such a suit, the Legislature having declared the effect of the discharge as to the duties, went on to declare that such discharge shall furthermore operate as a bar to any suit against the person so having acted, &c., unless the same be brought within five years from the date of such discharge ; which is equivalent to saying that it shall not bar such a suit if brought within five years from the date of the discharge. This is in “futuro,” and shews, we think, most clearly, when taken in connection with the provision as to the duties as above stated, the “ intent of the law-makers,” that the discharge should be an immediate and effectual bar to suits instituted against such parties in their fiduciary character.
Again, if a suit were brought against such party in that character, it would of course be for the non discharge of some duty as Executor or Executrix, Administrator or Administratrix; and to say such discharge shall operate as a release from those duties, and yet that the person thus released may be sued for a non discharge of any of those duties, would be a solecism; and, besides, if the party has faithfully and honestly discharged the trust and confidence reposed in him, what reason is there why he should be harrassed with such suits? We think there is none, and that it was the intention of the Legislature that he should not, and that it has in effect so said.
If the view that we have taken of this matter be correct, (and we entertain no doubt on the subject), then the Court below did not err in overruling the plaintiff’s demurrer to the fourth plea of the defendants.
*340 We have gone more fully into the questions presented in this ease than we otherwise would have done, because they are new and important, and there is some diversity of opinion in relation to them; and because we desired if possible, in putting a construction upon this singularly framed Statute, to.give effect to every part of it, and to carry out what we believe to have been the intention of the Leg-iglature in passing it, without endangering the rights and interests of any person or persons whose cases may be brought within any of its provisions. Whether we have accomplished these objects or .not, time must determine.
The Judgment pf the Court below is affirmed with costs.