## Bush v. Sheldon.

### In the Court below,

RODERICK SHELDON, *Plaintiff ;* DANIEL BUSH, and ABIEL BUSH, *Defendants.*

A decree of a Court of Probate is conclusive upon the parties, until disaffirmed on appeal, or set aside in due course of law, and cannot be enquired into collaterally.

THIS was an action of ejectment.

The plaintiffs claimed as heir to *Daniel Sheldon,* deceased. *Isaac Sheldon,* as administrator, procured commissioners to be appointed on the estate of said *Daniel Sheldon,* and, on their report, the Court of Probate, in 1785, ordered all his estate to be sold. Under this order, the administrator, in 1786, sold the land in question, at public vendue, to *Daniel Seymour,* who, on the same day, reconveyed the land to him. On the death of *Isaac Sheldon,* in 1786, the land descended to *Anna*

*Goodwin.* In 1791, *Anna Goodwin* sold the land, for a valuable consideration, to *Samuel Smith*, of whom the defendants, in 1800, purchased the same, without notice of any of these transactions.

On trial to the jury, the plaintiff, to destroy the title of the defendants, offered to prove fraud in the administrator in selling without any necessity, and thus collaterally to oppugn the decree of Probate ordering the sale. This evidence was objected to, but the Court admitted it, and a verdict was found for the plaintiff. The defendants filed their bill of exceptions, and brought a writ of error, assigning the admission of that evidence for cause of error.

*Perkins*, (of Hartford) and *Gould*, for the plaintiffs in error, contended, that the decree of the Court of Probate ordering the sale is conclusive upon all persons, who are considered as parties thereto. The plaintiff below being one of the heirs of *Daniel Sheldon* might have appeared, and been heard on the decree. If aggrieved thereby, he might have appealed to the Superior Court. He, therefore, is a party to the decree. If such decrees while they remain in force, are not conclusive upon the parties, the proceedings of the Court of Probate are nugatory; for of what use is a decree, which does not bind those who are parties to it?

It was admitted, as a general principle, that persons who are not parties to the judgment or decree of a court, may shew, that such judgment or decree was fraudulent, and void, as to them. But a distinction was taken between the condition of third persons, and of parties, in this respect.

*1803.*

BUSH
*v.*
SHELDON.

1803.

BUSH
v.
SHELDON.

In support of the doctrine contended for, by the plaintiffs in error, and to shew, that it is applicable to the decrees of Courts of Probate, the following cases were cited : *Rex* v. *Vincent*, (*a*) *Raine's case*, (*b*) and *Noel* v. *Wells*. (*c*)

It was also contended, that if the decree of the Court of Probate was fraudulently obtained, it ought not to effect the plaintiffs in error, who were *bonâ fide* purchasers, for a valuable consideration, without notice of any such fraud ; and that, therefore, the evidence excepted to ought not to have been admitted. (*d*)

*Allen* and *Dwight*, for the defendant in error, contended, that fraud vitiates every transaction ;—that a deed made by an administrator, who practices a fraud is absolutely void, and may be set aside. (*e*)

They also insisted, that this land was not inventoried, and, therefore, not within the jurisdiction of the Judge of Probate. (*f*)

THE COURT reversed the judgment, unanimously, on the ground, that the decree of Probate could not be enquired into, and revised, thus collaterally.

(*a*) 1 *Stra.* 481.                    (*b*) 1 *Ld. Raym.* 262.
(*c*) 1 *Lev.* 235.                     (*d*) 2 *Root* 359, *Lee* v. *Abbe.*
(*e*) 1 Com. Dig. 168   1 *F. H. N. B.* 97, *let. C.*   1 *Eq. Ca. ab.* 332.
(*f*) The inventory mentioned in the decree of Probate was several years prior to the order of sale. It did not, however, appear to the Court, that the land was not inventoried.