Martin, J.
delivered the opinion of the court. The plaintiff complains that the defendant detains his negro slave. The defendant answers, that the slave ranaway and was delivered to him as jailor, that he advertised and detained him during the time prescribed by law, and finally sold him, after having obtained the permission of the parish judge, that he has since *392 bought the vendee’s title to the slave, under which he now holds him.
East’n. District.
June 1816.
The facts, as agreed upon by the counsel of the parties, are these:
The slave was brought to jail on the 29th of July 1813, and on the 16th of August, the defendant wrote to a person in New-Orleans to advertise the negro three times, according to practice. There is no other evidence of any compliance with the defendant’s directions in this respect, except a newspaper, bearing date of the 3d of September, 1813, and the 29th of August 1815, the sale took place. There is not any date to the petition of the defendant for the judge’s leave, nor to the judge’s order thereon. The only fact stated in this petition is “that the negro had been confined as a runaway two years, completed on the 29th of July, 1815.” The compliance with any requisites of the law is not alleged; it is not stated that the negro was not claimed. The slave was sold by the defendant to Henry Wyatt, who immediately afterwards, viz. on the same day, conveyed all his rights therein for the price at which it was sold to him. The plaintiff produced a notarial act of sale, as evidence of his title, which does not appear to have been questioned.
*393 On the 20th of September, 1814, he sent his son to claim the negro, with a letter to the parish judge, complaining that from the defendant’s neglect to advertise the negro, as the law requires, he had not till then any knowledge of his confinement. Eighty dollars were offered to the defendant for his charges ; but he claimed one hundred and eighty.
On the acknowledgment of the defendant’s deputy that the negro had been advertised in one paper only, the parish judge made an order for his delivery, on payment of two months’ expenses and the fees of arrest ; but the defendant refused to deliver the negro thereon.
It is admitted that the negro was sick, that at the time of the plaintiff’s application the doctor’s hill amounted to eight dollars, and afterwards rose to forty one ; that he was not confined, worked out, and attended the defendant’s deputy as a servant.
On these facts, the district court gave judgment that the plaintiff recover the negro from the defendant, and one hundred and eighty five dollars and twenty five cents for his damages ; and the defendant appealed.
His counsel contends that the order of the parish judge binds the plaintiff at least until it be reversed, on an appeal ; and that the merits *394 of the case cannot be collaterally inquired into. He relies on the cases of Sheldon vs. Rush & Bush, 1 Day 170, and Allen & al. vs. Hart, Kirby 220.
In the first case, the court determined that the decree of a court of probates is conclusive between the parties, until disaffirmed or set aside on an appeal, in due course of law, and cannot be inquired into collaterally. In the second, the court held that the judgment of a county court declaring all the estate of the defendant forfeited, rendered on regular and legal process, and on due inquiry into the facts, by a court having jurisdiction of the case, should not be disregarded, although the court rendering it did not expressly state therein that the facts alleged were proven : this being strongly implied.
In the present case, the order of the parish judge cannot bind the plaintiff, for he was not a party thereto. He was not cited ; neither does the case appear to be one in which the judge was authorised to act.
The 28th section of the first part of the black code provides that runaway slaves shall be advertised, in at least two newspapers, in French and English, during three months successively, and, after that time, once a month during the remainder of the year. They shall be employed *395 and kept at work for the county, by whom clothing, medicine, attendance and maintenance shall be found ; but these expenses shall be discharged by the owner, when the negro cannot be usefully employed.
The next section provides that, if the owner do not reclaim the negro within two years from the date of the advertisement in the newspaper, in compliance with the preceding section, he shall be sold by the sheriff, with the permission of the judge, after three advertisements, for the payment of the charges, to be fixed by the judge.
Now the case under consideration does not appear, from the petition or order, to be one in which the sale could be ordered. The negro is stated to have been in jail two years : but the law allows only the sale of slaves who have been unreclaimed during two years, not after the arrest, but after the date of the first advertisement. The parish judge can only order the slaves advertised for one year, the case on paper does not shew that the negro was advertised at all.
Admitting even that the order justified the sale (which we clearly think it does not) the testimony on record shews that no legal sale has taken place. The defendant sold to himself—Wyatt lent his name.
*396 This fact results from the evidence spread on the record. A runaway negro is delivered to the jailor, who neglects advertising him according to law : the owner however hears of the capture of his slave, makes himself known, claims his property, tenders more than is due, yet the slave is withheld. The jailor obtains an order of sale, without any allegation or proof of the case being one in which the law authorises a sale : he sells the slave after one advertisement, while the law requires three, executes a deed of sale to a man, who instantly tranfers all his right to the jailor.
We are of opinion that the order of sale was rendered in a case, in which the judge who granted it, from the very proceedings, does not appear to have had any authority to exercise. It consequently must be viewed as a nullity.
The defendant, from the testimony in the case, made a fraudulent attempt to divest the plaintiff from his title in the slave. The damages allowed to the latter, do not appear to us too high.
It is therefore ordered, adjudged and decreed that the judgment of the district court he affirmed with costs; and the appeal being a frivolous *397 one, that the plaintiff do further recover ten percent, on the amount of the judgment.
Livingston for the plaintiff; Grymes and Duncan for the defendant.