By the Court.

Inasmuch as the creditor filed his claim generally with the commissioners, and a distribution was decreed upon an allowance of the whole claim, we think he waived his right under the mortgage.
It further appeared, that Asa Olmstead, after his appointment as administrator in this State, also took out letters of ancillary administration in the State of Connecticut, where he received assets by the collection of debts and the sale of land. The estate was there represented insolvent, and certain sums were returned by commissioners of insolvency as due to certain Connecticut creditors, which were paid in full by the administrator, as appeared by his first administration account settled in Connecticut. Upon an extension of the time for receiving claims, other debts (being those of the Massachusetts creditors) were allowed by the commissioners, upon which a dividend was decreed of the balance of the money received in Connecticut. The plaintiff contended, that the Connecticut creditors who were paid in full, ought not to have received more in proportion *485 than the creditors in Massachusetts. To this point his counsel cited Stevens v. Gaylord, 11 Mass. R. 256, [Rand’s ed. 264, note a ;] Dawes v. Head, 3 Pick. 128, [2nd ed. 147, note 1.] The counsel on the other side referred to Austin v. Gage, 9 Mass. R. 395; Doolittle v. Lewis, 7 Johns. Ch. R. 45; Riley v. Riley, 3 Day, 74; Slocum v. Sanford, 2 Connect. R. 533, 535; Bush v. Sheldon, 1 Day, 170; Brown v. Lanman, 1 Connect. R. 467; Jacobs v. Hull, 12 Mass. R. 25; Stevens v. Gaylord, ubi sup.
Bates and G. Bliss junior, for the plaintiff.
G, Bliss senior and Lathrop, for the defendants.

By the Court.

The plaintiff is not entitled to execution for the sums collected in Connecticut from debtors living there and from the sale of the real estate. They do not come within the bond,[1] and it is to be presumed that the administrator has rightly accounted for them in that State. Two small sums however, which were accounted for there, were received of debtors belonging to this State ; and for those he is bound to account here, though he may have received the payment in Connecticut.[2]
Some debts were collected by the administrator since this action was commenced, and it was contended by the defendants that the execution to be issued ought not to include these sums ; but the Court said, that as this was a hearing in chancery, they might be taken into consideration.

 See Peck v. Mead, 2 Wendell, 471; Story’s Confl. Laws, 437, 438.

 See Story’s Confl. Laws, 431, note 2, and cases cited, 423 • Revised Stat. t 70, § 23; Dawes v. Head, 3 Pick. (2nd ed.) 147, note 1.