Nov. Term, 1832.

CHESROUND
v.
CUNNINGHAM

---

## CHESROUND v. CUNNINGHAM and Others.

The claim of an occupying claimant for the value of his improvements, on a recovery against him in ejectment, does not grow out of any common law right, but is entirely of statutory origin.

The defendant in trespass for *mesne* profits, after a recovery against him in ejectment, cannot plead in bar of the action that the rents and profits, &c. do not exceed the value of his improvements, unless such value had been assessed under the direction of the Court that rendered judgment in the action of ejectment.

One tenant in common may sue separately in ejectment for his undivided share
    of the estate.

Nov. Term,
1832.

ERROR to the *Clark* Circuit Court.

CHESROUND
v.
CUNNINGHAM

Monday,
November 26.

BLACKFORD, J.—*Chesround* brought an action of trespass for *mesne* profits against *Cunningham* and others, after a recovery in ejectment. The *locus in quo* is described as being an undivided third part of 400 acres of land. The defendants pleaded in bar as follows:—that they purchased the freehold in 1820, at a public sale for the non-payment of taxes; entered into possession of the land as their own; and received the rents and profits. The plea also states, that the defendants had made lasting and valuable improvements on the premises, before the commencement of the action of ejectment, to the value of 1,000 dollars, of which the plaintiff had notice; and which value he had failed to pay. The plaintiff replied,—that at the *October* term of the *Clark* Circuit Court, 1829, in an action of ejectment by the lessee of the plaintiff, the defendants were adjudged guilty of the trespass in the declaration mentioned; and that their plea, against the record of that judgment, ought not to be admitted. The defendants demurred to the replication, and the Circuit Court sustained the demurrer, and gave judgment for the defendants.

We think the plea, in this case, is bad. The occupying claimant law of 1824, on which the plea is founded, will not support it. That law enacts, that in certain cases where an occupying claimant has made improvements, the Court rendering judgment against him on an adverse claim, shall, at the request of either party, appoint three commissioners to value the improvements, and, also, to value the land without the improvements. It has been decided, however, that instead of commissioners, a jury must be impanelled in these cases. *Armstrong* v. *Jackson*, *Nov.* term, 1825. And the statute of 1831, expressly requires the assessment to be by a jury. The statute further enacts, that the successful claimant in all such cases, may, at his election, either demand the value of the land without the improvements, and let the occupying claimant keep possession, or may pay the value of the improvements so as aforesaid assessed, within the time allowed by the Court, and take the premises himself. It further enacts, that if the successful claimant demand the value of the land without the improvements, and the occupying claimant do not pay the

same within such reasonable time as the Court shall allow, a writ of possession may issue.

The act concludes with the following clause:—"And in no such case shall the occupying claimant, who may be evicted, be liable to any action or prosecution for or on account of any rents or profits accruing, or waste or damages done to said land, previous to receiving actual notice as aforesaid, of such adverse claim, unless such waste or damages shall exceed the value of the improvements *so as aforesaid to be assessed*, and then only the amount of such excess." This concluding clause of the statute has particular reference to an action, like the one before us, of trespass for *mesne* profits after a recovery in ejectment; and points out the case in which the defendant cannot be made liable. It is this, when the value of the improvements *so as aforesaid assessed*, that is, assessed under the provisions of a previous part of the law, exceed the amount of the rents and profits. That assessment, to be a defence, must have been previously made. The claim for improvements, in these cases, does not grow out of any common law right; but is entirely of statutory origin. The party, therefore, wishing to avail himself of the claim, must proceed under the statute to have his claim established. It must be done by a jury, caused to be impanelled by the Court that renders judgment in the action of ejectment.

The plea in this case, to be a valid bar to the action, should aver that the value of the improvements, and of the land without the improvements, had been assessed conformably to the statute; and that the rents and profits for which the action was brought, did not exceed the value of the improvements so assessed, which value remained unpaid. But instead of that, the plea before us merely states lasting improvements to have been made of a certain value, for which the plaintiff had not paid. Admit this plea, and the questions whether the defendant had made any valuable improvements,—whether they had been made under the circumstances contemplated by the statute,— and what is the value of the improvements,—may all be tried in the action for *mesne* profits. Such inquiries the statute does not authorise to be made in this action. They must be made, if made at all, under the direction of the Court rendering the judgment in ejectment, and must be connected with, and make a part of, the proceedings in that cause.

The defendants contend that, in this case, the declaration

shows the plaintiff has no right to recover, because his close, alleged to have been entered, is stated to be an undivided third part of a certain tract of land. There is nothing in this objection. One tenant in common may sue separately in ejectment for his undivided share, or in trespass for the *mesne* profits. 1 Chitt. Pl. 53. He may even, in these actions, sue his co-tenant. Adams on Eject. 88, 330 (1).

The judgment for the defendants is, therefore, erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*I. Howk,* for the plaintiff.

*I. Naylor* and *J. H. Thompson,* for the defendants.

(1) "Tenants in common must in general sever in real actions, unless in *quare impedit,* and in ejectment a joint demise would be improper; but in personal actions, as for a trespass or nuisance to their land, they may join, because in these actions, though their estates are several, yet the damages survive to all, and it would be unreasonable, when the damage is thus entire, to bring several actions for a single trespass. Bac. Ab. Joint tenants, K.—2 Bl. Rep. 1077.— 5 T. R. 246.—Yelv. 161.—Cro. Jac. 231.—2 H. Bl. 386.—5 Mod. 151. A tenant in common may, however, in general sue separately; as in ejectment for his undivided share, or in trespass for the *mesne* profits, or in debt for double value against a person who has held over after the expiration of his tenancy. 5 T. R. 246.—2 Bl. Rep. 1077. In some cases he may sue in ejectment for the whole premises. 3 Moore, 229. But a joint action for *mesne* profits may be supported by several lessors of the plaintiff in ejectment, after recovery therein, although there were only separate demises by each. 5 M. & S. 64.—2 Chitt. Rep. 410."—1 Chitt. Plead. 75.

"A count upon a joint lease, by tenants in common, is bad. Cro. Jac. 166.— 1 Ins. 200.—2 Wils. 232.—12 East, 221. (But *quære,* whether, as a lease is admitted by the consent-rule, a lease may not be presumed in which each demised his undivided share. See *Doe* v. *Read,* 12 East, 57; and the observations of *Gibbs,* A. G.) There should, in such case, be a distinct count upon the separate demise of each tenant in common, or they should join in a lease to a third person, who may take a lease to try the title: 2 Wils. 232."—2 Stark. Ev. 309.

It is said that one of several parceners may recover her part in ejectment, without the others joining. *Roe d. Raper* v. *Lonsdale,* 12 East, 39.

"Joint tenants must join in all real and mixed actions, for they have but one joint title and one freehold; and in ejectment the declaration must be upon their joint demise. So, they ought to join in trespass, and other personal actions, where they have a joint interest; so in debt or avowry for rent, 5 Mod. 73; or avowry for damage feasant, 5 Mod. 151." 15 Petersd. 12.

The doctrine of survivorship incident to joint tenancy is abolished in *Indiana.* Rev. Code, 1831, p. 290.