JOHN CROOK, PLAINTIFF IN ERROR, V. JOSHUA VANDEVOORT, DEFENDANT IN ERROR.

1. **Ejectment:** PARTIES.  In ejectment by a tenant in common against a mere disseizor to recover possession of undivided premises he may maintain the action in his own name if no objection is made for defect of parties.  As the recovery of possession inures to the benefit of all, a failure to plead a defect of parties plaintiff is a waiver of that objection.

2. **Real Property:** TENANTS IN COMMON.  Where one tenant in common conveys his interest in undivided real estate by metes and bounds, it will be sufficient to pass all his title therein within the boundaries described in the deed.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*A. Schoenheit* and *E. W. Thomas*, for plaintiff in error.

*J. D. Gilman* and *A. R. Scott*, for defendant in error.

MAXWELL, J.

This is an action of ejectment brought by the defendant. in error in the district court of Richardson county, to recover from the plaintiff the possession of sixty acres off the north end of the west half of the southwest quarter of section 28, township 2, range 15, in Richardson county. The answer admits the possession but denies the other facts stated in the petition. On the trial of the cause judgment was rendered in favor of Vandevoort, and providing that upon the payment by him of the sum of $85.40 to the plaintiff a writ of restitution should issue.

It appears from the record that Crook claims title under a tax deed executed by the treasurer of Richardson county in March, 1880. This deed was excluded, and no objection is now made on that ground, so that he is in possession without right.

The west half of the southwest quarter of sec. 28, town 2, range 15, was entered by the plaintiff, Crook, but the date of the entry does not appear. In December, 1861, Crook and wife conveyed by warranty deed to one David R. Holt. In August, 1862, Holt conveyed to Thomas R. Hare. In February, 1865, Hare conveyed the undivided half of said land directly to his wife. In March, 1870, Hare executed a power of attorney to one James M. Hirn, authorizing him to sell and convey all the real and personal property belonging to said Hare in Richardson county. Under this power of attorney Hirn, as attorney in fact for Hare, in March, 1871, sold the west half of said section to E. S. Towle, and executed a deed in the name of Hare for the same. A few days thereafter Towle and wife conveyed to Hirn the sixty acres in dispute. In September, 1868,

Hirn obtained from the treasurer of Richardson county a tax deed for the west half of the southwest quarter of sec. 28, town 2, range 15. This deed was ruled out, whether properly so or not is not before the court. In December, 1875, Hirn and wife sold and conveyed the land in controversy to the defendant in error. As Mrs. Hare is not before the court, and as the plaintiff in error is clearly shown not to have any title or right of possession, it is unnecessary to pass upon the validity of a conveyance from the husband directly to his wife. Such conveyance will be upheld whenever equitable grounds exist for sustaining the same.

In the view we take of the case the plaintiff is entitled to recover, even if Mrs. Hare is a tenant in common with him. Tenants in common are persons who hold by unity of possession; and they may hold by several and distinct titles, or by title derived at the same time, by the same deed or descent. In this respect the American law differs from the English common law. 4 Kent. Com., 363.

The seizin and possession of one tenant in common are the seizin and possession of the others. *Burns v. Byrne*, 45 Iowa, 285. *Buckmaster v. Needham*, 22 Vt., 617. 4 Kent. Com., 370. And the taking of the whole profits by one is not an ouster of his co-tenants. 4 Kent Com., 370, and cases cited. And as against a mere disseizor one tenant in common of undivided real estate may recover the possession of the premises, as his recovery of possession will inure to the benefit of all the co-tenants. *Stark v. Barrett*, 15 Cal., 363. *Collier v. Corbett*, Id., 183. *Touchard v. Crow*, 20 Id., 150. *Treat v. Reiley*, 35 Id., 129. *Chesround v. Cunningham*, 3 Blackf., 82. In such case there would be a mere defect of parties plaintiff, which if not objected to would not defeat a recovery. The plaintiff below was entitled to recover therefore, as against the defendant, even if he is a tenant in common with Mrs. Hare.

*Second.* The fact that Towle and wife conveyed to Vandevoort by metes and bounds will not defeat a recov-

ery. Such a conveyance is sufficient to convey all the interest of the grantors within the boundaries described in the deed. *Lessee of White v. Sayre,* 2 Ohio, 110. *Campau v. Godfrey,* 18 Mich., 39. *Robinett v. Preston,* 2 Robin., 273. It is very clear that justice has been done and that there is no error in the record. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.