JOHN MATTIS, PLAINTIFF IN ERROR, V. JOHN W. BOGGS, DEFENDANT IN ERROR.

1.   Ejectment.  In ejectment by a tenant in common against a person in possession without right, the plaintiff can recover only to the extent of his title.

2.   ———: PARTIES.  Tenants in common may join in an action for the possession of real estate held by one without title, or they may sue severally and recover according to their several interests.

ERROR to the district court for Washington county. Tried below before NEVILE, J.

C. A. Baldwin and J. J. O'Connor, for plaintiff in error.

W. J. Connell, for defendant in error.

REESE, J.

This cause was originally submitted without brief or argument by counsel for either side, and upon a voluminous record.   The court, upon examination of the case without the assistance of counsel, overruled the decision in the case of Crook v. Vandervoort, 13 Neb., 505, and rendered judgment reversing the case.   The opinion was written and filed, and was published in 25 N. W. Rep., 616.   A motion for a rehearing was then made, in which the attention of the court was called to the oversight, when the opinion was withdrawn from the files and a rehearing granted.*  The cause is now submitted, as it should have been in the first instance, upon arguments and briefs.

The action was in the nature of ejectment, brought by defendant in error for the possession of certain real estate described in the pleadings.   The land in dispute was patented by the United States to Catherine W. E. Perry.   On

---

*Withheld from publication in the official reports.

the second day of September, 1859, she conveyed it to Russell Miller, who died intestate in the year 1863, leaving surviving him as his heirs at law James R. Adams and John W. Adams, sons of Rhoda Ann, eldest daughter of said Russell Miller, who was then deceased; Camelia Matilda, who was married to John Lyons; Sarah Jane, who was married to William Dowling, and Mary Elizabeth, who was married to William G. Robins.

The principal question involved in the case arises upon the third instruction given to the jury by the court, which is as follows:

"The jury are instructed that so far as the interest of John Williams Adams, which would descend to him upon the death of his mother, and which would be one-eighth of whatever interest may have been vested in the heirs of Russell Miller, is concerned, that the failure of plaintiff to make proof that such interest had been conveyed to him by said John Williams Adams, if living, or by his legal representatives or heirs at law, if deceased, does not prevent the plaintiff from recovering in this action the possession of the said real estate. But if the jury find from the evidence and under the instructions of the court that said plaintiff would be entitled to recover possession of the real estate herein, had said one-eighth interest been conveyed to him, then it would be proper to return your verdict for said plaintiff for said possession, so far as the defendant in this action is concerned, for the reason that whoever may be lawfully seized of the interest of the said John Williams Adams would be a co-tenant, or tenant in common, with said plaintiff to the extent of such interest and as against a stranger to the title of said heirs of Russell Miller, and the parties claiming under them, the plaintiff may recover."

The question presented by plaintiff in error is, whether the plaintiff in an action of ejectment can allege in his petition the full fee simple title to the real estate in con-

troversy, and recover the possession of all upon proof of an undivided interest; or, as in this case, upon proof of title to seven-eighths of the land.

The exact question presented here did not arise in *Crook v. Vandervoort, supra.* In that case, quoting from the first paragraph of the syllabus, it is said that, " In ejectment by a tenant in common against a mere disseizor to recover possession of undivided premises, he may maintain the action in his own name, if no objection is made for a defect of parties. As the recovery of possession inures to the benefit of all, a failure to plead a defect of parties plaintiff is a waiver of that objection." There is nothing in the opinion by which we can ascertain the condition of the pleadings, but from its language it may be inferred that the plaintiff declared upon the interest which he had, and demanded the whole; hence, as there said by Judge Maxwell, if the defect of parties plaintiff was not objected to, it would not defeat a recovery. In the case at bar the petition did not disclose the defect, if any existed; as it was alleged that plaintiff (defendant in error) owned the whole title, and was therefore entitled to the possession of all the land. The discrepancy between the petition and the facts did not appear until the introduction of the testimony, and hence no objection could be made until that time, as the interest of John Williams Adams seems not to have been known of until during the trial, or about that time. But objection was made at an early stage in the case and the question was presented at the trial court, and is insisted on here.

It is said that ejectment is simply a possessory action; that it does not purport or attempt to settle the equitable rights of litigants; that the possession of one tenant in common is the possession of all, and that therefore the holder of an interest in or of the legal title to a part of the land—undivided—should in ejectment be permitted to recover the possession of the property as against one in possession without right.

Whatever the common law rule may have been as to the joinder of parties plaintiff in actions of this and similar kinds, we take it as well settled by our statutes that tenants in common may join as plaintiffs in an action against a mere trespasser in possession, or one in possession without right. Section 29 of the civil code provides that, "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section thirty-two."

Section 40 is as follows: "All persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title."

Section 42 is as follows: "Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants, but if the consent of one who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason being stated in the petition."

By these sections and others to which we need not now refer it is evident that it was the purpose of the legislature to so simplify the procedure in our state for the enforcement of legal rights as to enable every person to assert his right to relief without reference to the actions of others so long as he was the *real party* entitled to the enforcement of the right. If others equally interested with him saw fit to join they might do so or not, but if they were *necessary* parties and refused to join as plaintiffs, they could not thus defeat the action, but might be made defendants.

In Bliss on Code Pleading, in discussing the subject of " Parties to Actions " in real and mixed actions, it is said, "In those states where the old action of ejectment has been abolished and the new procedure has not been adopted, it may be doubted whether tenants in common should be permitted to unite in a real action, inasmuch as their title and their interest is several. The new code of procedure, however, provides that 'all persons having an interest in

the subject of the action, and in obtaining the relief demanded, *may* be joined as plaintiffs, except as otherwise provided,' etc.   This is the rule that prevailed in equity pleadings, but it is now made general, and applies as well to actions formerly called legal.   Notwithstanding the title of tenants in common is several, they have an interest in 'the subject of the action'—that is, in the property in respect to which the action is brought—and in 'obtaining the relief demanded,' provided the disposition applies to all.   If the occupant holds adversely to all the tenants in common, and they all join to recover possession, the pleading should show the interest of each, that the judgment may conform to it.   The section of the statute just considered is permissive only.   Parties are not required to join as plaintiffs unless they are 'united in interest'— that is, have a joint interest—and, consequently, tenants in common may sue severally at their option, each for his own interest.   It would seem, however, in the absence of statutory authority, that they must all join for the whole tract, or each must sue for his individual interest.   The New York Revised Statutes, which authorized tenants in common to bring one or several actions, did not authorize two or more owners less than the whole to unite in an action. This, however, is permitted by the statutes of Missouri, of California, and of Nevada."   Sec. 25.

We have thus copied at some length from the work before us, as an apt expression of our views upon the meaning of the sections of our code.   By it, as we understand its language, a tenant in common with others, either by himself or with all his cotenants, may bring and maintain an action against a trespasser upon his real estate for the possession of so much thereof as he may show himself entitled to, and upon the establishment of his claim to the property he may have judgment for so much only as he can show his interest to be, and that therefore the trial court erred in giving the instruction complained of.

We are aware that this is to some extent in conflict with the reasoning of Judge Maxwell in *Crook v. Vandervoort, supra,* but we think not in conflict with the *decision* in that case. For it is clearly intimated that had the proper objection been made in time the holding might have been different.

The view here expressed by us is supported by the following cases which we have examined: *Cruger v. Mc-Laury,* 41 N. Y., 219. *Dewey v. Brown,* 2 Pick., 387. *Gray v. Givens,* 26 Mo., 291. *Dawson v. Mills,* 32 Pa. St., 302.

We have examined many, if not all, of the cases cited by defendant in error, and find many of them either dissimilar to this or based upon a statute different from ours.

The cases of *Rabe v. Fyler,* 10 Smedes & M., 446, *Allen v. Gibson,* 4 Rand., 468, were for forcible entry and detainer; but in *Allen v. Gibson,* the court says: "In a writ of right and other real actions the mere right is involved and the proceeding and recovery must be according to the title, and in ejectment nothing can be recovered but that for which the lessor of the plaintiff can make a valid lease. One joint tenant, copartner, or tenant in common, although he has the right to the possession of the whole against strangers, cannot make a valid lease for more than his own part of the land, and therefore no more can be recovered in ejectment than the part to which the lessor, —who is a joint tenant—tenant in common, or partner is entitled."

The cases cited from California and Nevada, as we have seen, are based upon the peculiar statute of those states. *Dolph v. Barney,* 5 Ore., 191, holds with the defendant in error, but cites 4 Nev. and 21 Cal. *Hardy v. Johnson,* 1 Wall. (U. S.), 371, simply holds that the law is settled in California, from whence the case came, and decides according to the decisions in that state. The cases cited from Connecticut seem to follow *Barrett v. French,* 1

Conn., 364, and *Bush v. Bradley*, 4 Day, 298, which were no doubt decided prior to the enactment of any statute similar to the provision of our code referred to. The decisions in Texas and Vermont support the views contended for by defendant in error, but whether or not they depend upon the language of the statutes of those states we are unable to say.

It would seem that no other rule than the one here adopted could accord with the principles of the code, and that it is founded on reason and the principles of common justice. We therefore hold that in an action for the possession of real property a plaintiff must recover on the strength of his title, and is entitled to recover only according to his title proved on the trial.

It is suggested by defendant in error that the defect in his title has been corrected and a deed made to him for the interest of John Williams Adams, and that defendant in error is now the owner of all the land in dispute. This title having been acquired since the filing of the original petition the facts can be alleged in a supplemental petition if defendant so desire, and he may then be entitled to the possession of all of the land.

The judgment of the district court will be reversed and remanded for further proceedings, with direction to the district court that if defendant in error so desire he may, upon payment of the costs of the suit to that time, file a supplemental petition stating the facts as to the conveyance to him of said interest in the land.

REVERSED AND REMANDED.

THE other judges concur.