SOLOMON KIRK, PLAINTIFF IN ERROR, V. ISAAC W. BOWLING, DEFENDANT IN ERROR.

1. **Will**: PROBATING. A probate court having jurisdiction of the subject matter and the parties, made an entry as follows : " It appearing to me from said testimony that said instrument is the last will and testament of the said Joab Hobbs, and that he was in all respects competent to make a will, it is therefore ordered by me that said instrument be admitted to probate as and for the last will and testament of the said Joab Hobbs, which said instrument is in the words and figures following, to-wit:" (copying the will). In a collateral proceeding, *Held,* A sufficient order of the probate of the will.

2. **Ejectment**: REMAINDER-MAN : EVIDENCE. Where real estate is devised to take effect upon the death of a party named who has a life estate in the premises, a party claiming under the will, in an action of ejectment, to obtain possession of the land must prove the termination of the life estate.

3. ———— : TENANT IN COMMON. A tenant in common of real estate can only recover in ejectment to the extent of his title.

ERROR to the district court for Lancaster county. Tried below before MITCHELL, J.

*James E. Philpott,* for plaintiff in error.

*Sawyer & Snell,* for defendant in error, cited : *Austin v. Cambridgeport,* 21 Pick., 224. *Stearns v. Harris,* 8 Allen, 598. *Dale v. Hunneman,* 12 Neb., 221.

MAXWELL, CH. J.

This is an action of ejectment brought by Bowling against Kirk to recover the possession of the north half of the south-east quarter of section twenty-six, township eight, range five east.

Kirk, in his answer, denies that Bowling has a legal estate in said land, or is entitled to the possession thereof,

and also pleads the statute of limitations as a bar. On the trial of the cause in the court below a verdict was rendered in favor of Bowling, upon which judgment was rendered.

The testimony shows that Joab Hobbs entered the land in question, and received a patent from the United States; that in the year 1866 he made a will, which was admitted to probate in 1874, as follows :

"In matter of probate of Joab Hobbs, Feb. 24, 1874, case called, petitioner and subscribing witness appeared. No person appeared to contest the probate of said will, and it appearing that due notice was given,  *  *  *  Thomas McNeil, one of the subscribing witnesses, was sworn and examined, that said instrument is the last will and testament of said Joab Hobbs, and that he was in all respects competent to make a will.  It is therefore ordered by me that said instrument be admitted to probate as and for the last will and testament of the said Joab Hobbs, which instrument is in the words and figures following, to-wit: Know ye all men by these writings that I, Joab Hobbs, being sound of mind, do make this my last will as follows: I will to my wife, Amanda Hobbs, my real estate and personal property, to be held and used by her during her lifetime, and at her death I will eighty acres of my land to John Wesley Hobbs, my son, said eighty acres being the north half of the N. W. quarter of section No. 25 in township No. 8, north of range No. 5 east.  The balance of my land, being eighty acres, with all my personal property, shall be equally divided among the balance of my children."

Objection is made to the probate of the will as not being sufficient.  The testimony shows the filing of a petition for the probate of the will, the giving of notice by publication of the time and place when and where a hearing would be had upon the matter, and the calling of one of the subscribing witnesses to prove the execution of the will, from whose testimony it appears that the will was properly

executed in all respects, and that the testator was of sound mind. The will therefore was duly proved and it was ordered by the judge " that said instrument be admitted to probate as and for the last will and testament of the said Joab Hobbs." Under the common law rule the executor before proving the will could perform almost any of the acts incident to his office except those relating to certain suits. Thus he might seize and take into his hands any of the testator's effects. He might pay or take releases of debts owing from the estate, and might receive or release debts which were owing to it. So he might sell or dispose of the goods and chattels of the testator. Bac., Abr., tit. Exrs. and Adms., E, 14. Wentworth's Office of Exr., (14 ed.) 81 *et seq.* Willard on Exrs., 146–147.

The reason for the rule is very clearly stated by Judge Swan in his valuable work on Pleading and Precedents, 74, that "In England an executor derives title, not from the probate, but from the will; and hence the rule that if there be several executors, though some of them be under age, or have not proved the will, they must all join in one action." Under our system the executor derives his title and authority from the letters testamentary. The probate of a will is the proof before an officer authorized by law that the instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be. 2 Bouv. Law Dict. (14 ed.), 378. In England, at common law, the ecclesiastical courts had no jurisdiction of devises of lands, therefore in matters affecting the title or possession of real estate claimed under the will, the original must be produced and proved the same as any other disputed instrument. In this country, however, under the provisions of the statutes of the several states, the probate of a will is generally conclusive in a collateral proceeding. *Bush v. Sheldon*, 1 Day, 170. *Judson v. Lake*, 3 Id., 318. *Laughton v. Atkins*, 1 Pick., 535. *Brown v. Lanman*, 1 Conn., 467. *Jackson*

*v.· Robinson,* 4 Wend., 436. *Jackson v. Hixon,* 17 John., 123. *Dublin v. Chadbourne,* 16 Mass., 433. *Stanley v. Kean,* Taylor, 93. *Wells' Will,* 5 Lit., 273.

In *Brown v. Burdick,* 25 Ohio State, 260, it was held that a copy of the probate and record of a will, duly certified by the probate judge, is conclusive evidence of the validity of the will, on the trial of a collateral issue between a stranger and the devisee respecting the property devised; and it is admissible as evidence on the trial of such issue, notwithstanding proceedings to contest it may be pending at the time it is offered and admitted in evidence. *Mears v. Mears,* 45 O. S., 90.

The judgment of the probate court, where it has jurisdiction, finding that a will is valid and admitting it to probate, is final and conclusive unless reversed or modified in some of the modes prescribed by law. Freeman on Judgments, § 319, and cases cited.

Considerable stress is laid by the plaintiff in error upon the fact that the record does not show that the will was *allowed* by the probate court. In Section 141 of Chapter 23, Comp. Stat., relating to decedents, it is provided that "the court may in its discretion" grant probate thereof on the testimony of one of the subscribing witnesses only; and in section 143 of the same chapter, it is declared that "no will shall be effectual to pass either real or personal estate unless it shall have been duly proved and allowed in the probate court," etc. It will be seen the words "granted" and "allowed" are used in different sections to denote the same thing—the probate of the will. Even in criminal law, where nothing is taken by intendment, it is unnecessary to charge the commission of an offense in the language of the statute, provided the words employed are the equivalents in meaning of those contained in the statute. *Whitman v. State,* 17 Neb., 224, and cases cited. The rule is less stringent in civil actions, and the mere failure to use the exact lan-

guage of the statute will not of itself constitute a valid
objection to a judgment or order. At least it cannot be
collaterally assailed upon that ground alone. The order
admitting the will to probate in this case is not as full as
could be desired, but it is sufficient to show the action of
the court, and is a valid order of the probate of the will.
The first objection, therefore, is not sustained.

2nd. It will be observed by the terms of the will that
Joab Hobbs devised to his wife, Amanda Hobbs, his real
estate and personal property, to be held and used by her
during her lifetime; and at her death the estate was to be
divided by giving to John Wesley Hobbs the north half of
the north-west quarter of section No. twenty-five, in town-
ship No. eight north of range five east; and the remainder
of his land, being the eighty acres in controversy, with all
his personal property, was to be equally divided between
his other children. Now, when was this division to take
place? Clearly not before the death of Mrs. Amanda
Hobbs. She is to have the use of all the real estate and
all the personal property during her life; then, at her
death, the will provides how the estate is to be divided.
We find no evidence in the record that Mrs. Hobbs is
dead. It is said that there is such testimony in the record
offered in support of the second cause of action which was
withdrawn from the jury. However that may be, we
have no such evidence before us. There was, therefore,
a failure of proof upon a material point which was neces-
sary to entitle Mr. Bowling to recover.

3d. Bowling claims title to the premises in question as
the grantee of Sarah A. Wells and Eveline Etherton, two
of the children of Joab Hobbs. The testimony shows
that there are a large number of other children of said
Joab Hobbs entitled to an interest in said lands under
said will, yet Bowling seeks to recover all of said land in
this action. This he cannot do.

In *Mattis v. Boggs*, 19 Neb., 698, it was held, in eject-

ment by a tenant in common against a person in possession without right, the plaintiff can recover only to the extent of his title. The decision in that case was not made until the question had been carefully and thoroughly examined; and although it modified somewhat the ruling in *Crook v. Vandevoort*, 13 Neb., 505, no member of this court, so far as the writer is aware, doubts its correctness; and, as said in *Mattis v. Boggs*, 704, "no other rule than the one here adopted could accord with the principles of the code, and that it is founded in reason and the principles of justice." We therefore hold that a tenant in common can only recover to the extent of his title. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.