ANDREW J. JOHNSON v. WILLIAM E. HARDY ET AL.

FILED JANUARY 4, 1895.    No. 5710.

Ejectment. "In ejectment by a tenant in common against a person
in possession without right, the plaintiff can recover only to the
extent of his title." *Crook v. Vandevoort*, 13 Neb., 505, overruled;
*Mattis v. Boggs*, 19 Neb., 698, and *Kirk v. Bowling*, 20 Neb., 260,
reaffirmed.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*Ricketts & Wilson*, for plaintiff in error.

*Abbott, Selleck & Lane, contra.*

RAGAN, C.

This is an action of ejectment brought by William E.
Hardy and Cora K. Pitcher against Andrew J. Johnson in
the district court of Lancaster county.    Hardy and Pitcher,
in their petition, alleged that they were the owners of and
had a legal estate in lot 1, block 2, in J. O. Young's South
Addition to East Lincoln, and were entitled to the immediate
possession thereof; and that Johnson had held the posses-
sion of said real estate against them since the 1st day of
May, 1890.    The answer of Johnson was a general denial,
the statute of limitations, and adverse possession of the
property for more than ten years prior to the bringing of
the suit.    Hardy and Pitcher had a verdict and judgment,
and Johnson brings the case here on error.

The petition in this case was filed on the 17th day of
September, 1890, and summons duly issued.    This sum-
mons was returned on the 29th of September, 1890, not
served because Johnson could not be found in the county.
On the 9th of February, 1891, an alias summons was issued
for Johnson, which was duly served on him.    This action,

Johnson v. Hardy.

then, was commenced against Johnson on the 9th day of February, 1891, the date of the alias summons which was served on him. (Section 19, Code. of Civil Procedure.) The undisputed evidence in the case is that Cora K. Pitcher conveyed her interest in the property in question to one Thomas P. Kennard by a deed on October 27, 1890, which deed was duly witnessed, acknowledged, and recorded in the office of the recorder of deeds of Lancaster county on November 6, 1890. At the time this suit was brought Cora K. Pitcher had no interest whatever in the premises in controversy; and, for the purposes of this case, it may be said that at the time the suit was brought the premises were owned by William E. Hardy and Thomas P. Kennard as tenants in common.

On the trial of the case Johnson requested the district court to charge the jury that if they should find from the evidence that prior to the 9th of February, 1891, Cora K. Pitcher had parted with her interest in the property in controversy, the plaintiffs could not recover in the action. The court refused to give this instruction, and charged the jury as follows: "Plaintiffs claim to own and to have the legal title to the premises in controversy together, and are in law called co-tenants. If you find from the evidence that prior to the 9th day of February, 1891, either of the plaintiffs to this action conveyed and parted with any or all of his or her interest in said premises, and if you should find from the evidence that the plaintiffs, or either of them, at the commencement of this action, were the owners of a portion only of said premises, and had the legal title thereto, and were entitled to immediate possession thereof, then you are instructed that you should find for the plaintiffs, or either of them, to the extent which the testimony shows their or either of their interest in the said premises to be." The jury found "that the plaintiffs have a legal estate in and are entitled to the possession of the real property described in the petition," and the court

rendered judgment as follows: "It is therefore considered and adjudged by the court that the said plaintiffs, William E. Hardy and Cora K. Pitcher, have the legal estate in, and are entitled to the possession of, the premises described in the petition." Here, then, we have a joint suit by two parties who allege that they are the owners of certain real estate, a finding of the jury that the two parties are the owners of the real estate, and a judgment pronounced in accordance with such finding. As already stated, the undisputed evidence in the case is that prior to the commencement of the suit Cora K. Pitcher had parted with her interest in the property. The finding of the jury, then, is contrary to the evidence and contrary to the instruction given by the court.

But it is said that this verdict and judgment should not be disturbed because the seisin and possession of one tenant in common are the seisin and possession of the others; and that one tenant in common may maintain an action of ejectment in his name for the entire premises against a disseisor thereof. To support this proposition we are cited to Crook v. Vandevoort, 13 Neb., 505. In that case this court did so decide; but in Mattis v. Boggs, 19 Neb., 698, Crook v. Vandevoort was expressly overruled, and the law declared to be that "In ejectment by a tenant in common against a person in possession without right the plaintiff can recover only to the extent of his title." The question arose again in Kirk v. Bowling, 20 Neb., 260, and it was again held "A tenant in common of real estate can only recover in ejectment to the extent of his title." The two cases last cited are decisive of the question at bar.

The judgment is reversed and the cause remanded to the district court with instructions to permit Hardy to amend his petition, if he so desires, by making his co-tenant a party plaintiff or defendant, upon paying all the costs in the suit up to such time.

JUDGMENT ACCORDINGLY.