R. A. WILLIAMS *et al. v.* COAL CREEK MINING & MANU-
FACTURING COMPANY *et al.*

'(*Knoxville.* September Term, 1905).

**TENANTS IN COMMON.** One can recover only his undivided
interest in ejectment against a defendant in without right.

The recovery of a tenant in common, in an action of ejectment
against a defendant in without right, will be confined, both in
right and possession, to his undivided interest in the property,
and he is not entitled to recover the possession of the whole
tract of land, to be held by himself and his cotenants.

Cases cited and approved: Barrow v. Nave, 2 Yer., 227; Dewey
v. Brown, 2 Pick. (Mass.), 387; Moberly v. Bruner, 59 Pa. St.,
483; Gray v. Givens, 26 Mo., 303; Marshall v. Palmer, 91 Va.,
344; Overcash v. Richie, 89 N. C., 384; King v. Hayayy, 51 Kan.,
504; Mathis v. Boggs, 19 Neb., 698; Kirk v. Boling, 20 Neb.,
261; Johnson v. Hardy, 43 Neb., 358.

Cases cited and disapproved: Williams v. Sutton, 43 Cal., 71;
Newman v. Bank, 80 Cal., 368; Hardy v. Johnson, 1 Wall., 371;
Barnett v. French, 1 Conn., 364; Habbard v. Foster, 24 Ver.,
542; Crook v. Vandevoort, 13 Neb., 505; Sowers v. Peterson, 59
Tex., 523.

FROM MORGAN.

Appeal from the Chancery Court of Morgan County.
—D. L. LANSDEN, Chancellor.

PRITCHARD & SIZER & J. M. KING, for complainants.

LUCKY, SANFORD & FOWLER, for defendants.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This is an ejectment suit brought by a portion of the heirs of the grantee to recover possession of a 5000-acre tract lying in Morgan county. The court of chancery appeals heard the cause, and, sustaining the bill of complainants, among other things, decreed, that as against defendants, who were in without right, the complainants, although owning fractional undivided parts, were entitled to the possession of the whole tract, to be held for themselves and such other parties as might be able to show, thereafter, they were tenants in common with them. At a former term of this court the cause was heard upon appeal and the decree of that court was in all things affirmed. A petition for rehearing, however, was filed by the defendants, asking for a rehearing on the point above indicated, it being insisted that as a matter of right, and upon authority, one tenant in common entitled to a fractional portion of an entire tract should not, as against a party in possession, be permitted to recover the whole.

It will be seen that the text-writers are not agreed on the question of practice in such cases. Mr. Freeman, in his work on Cotenancy and Partition, section 300, lays down the rule thus: "A tenant in common is, as against

every person but his cotenant, entitled to every part of the common land." On the other hand, Mr. Newell, in his work on Ejectment, 130, says: "If by the common law tenants in common present and co-operating cannot maintain a joint action of ejectment for the possession of the premises owned by them jointly, how is it that one of them suing alone can recover the whole of the joint premises as against a stranger, the judgment having the effect of a joint recovery? It seems illogical to say that it can. The better rule seems to be that the recovery of a joint tenant, in the absence of statutory enactment to the contrary, must be limited to his right or interest in the premises. For it might well be that the other tenants in common may prefer the person in actual possession of the premises to the person seeking to recover it from him."

Upon examination it will be found that the same diversity of opinion on this subject exists among the courts. In California, beginning possibly with *Williams v. Sutton,* 43 Cal., 71, and certainly including, if not ending, with *Newman* v. *Bank,* 80 Cal., 368, 13 Am. St. Rep., 169, the uniform holding seems to be that one tenant in common may sue in ejectment and recover the entire premises against all persons save cotenants and those claiming under them. Upon the authority of these cases rests *Hardy* v. *Johnson,* 1 Wallace (U. S.), 371. The same rule, in one form or another, is recognized in *Barnett* v. *French,* 1 Conn., 364, 6 Am. Dec., 241; *Hab-*

*bard* v. *Foster,* 24 Ver., 542; *Crook* v. *Vandevoort,* 13 Neb., 505; *Sowers* v. *Peterson,* 59 Tex., 523.

To the contrary, there are many courts of the highest respectability which limit the recovery of a tenant in common; who sues alone to a right of possession, corresponding in limit with the undivided interest which he establishes in the property, and letting him in to its enjoyment with the party in possession whether or not he be a stranger to the title.   Among the cases recognizing this limitation are: *Dewey* v. *Brown,* 2 Pick. (Mass.), 387; *Moberly* v. *Bruner,* 59 Pa. St., 483, 98 Am. Dec., 360; *Gray* v. *Givens,* 26 Mo., 303; *Marshall* v. *Palmer,* 91 Va., 344, 50 Am. St. Rep., 838; *Overcash* v. *Richie,* 89 N. C., 384; *King* v. *Hayayy,* 51 Kan., 504, 37 Am. St. Rep., 304.

In a very elaborate note to the case of *Marshall* v. *Palmer,* supra, in the 50th volume of the American State Reports, Mr. Freeman, the editor, while maintaining the logical soundness of the rule, already cited from his work on Cotenancy & Partition, and that this rule is indorsed by the weight of American decisions, admits "that there is a growing inclination on the part of the courts to restrict the recovery by a tenant in common even as against a stranger to the title to the same extent that he would be if his recovery was against a cotenant; or, in other words, simply to enter a judgment entitling the plaintiff to be put in possession of the property, leaving him to share the possession with the defendant, as though he also were an owner of an undivided interest,

and as such entitled to share in the possession of the premises."

As an indication of this tendency, the action of the supreme court of Nebraska may be referred to. In *Crook* v. *Vandevoort,* supra, that court announced the rule which Mr. Freeman in his work regards as a sound and logical one. But in *Mathis* v. *Boggs,* 19 Neb., 698, 28 N. W., 325, that case was expressly overruled, and after an examination of the statutes of the State, similar in essential particulars to those of Tennessee, governing the action of ejectment, it was held that a tenant in common against one in possession without right, could recover possession only to the extent of his own title. This latter case has been expressly affirmed by that court in *Kirk* v. *Boling,* 20 Neb., 261, 24 N. W., 928, and *Johnson* v. *Hardy,* 43 Neb., 368.

It is well settled that at common law, tenants in common could not join in a single demise. This was for the reason that their interests were several, and, though existing in the same property, they were distinct and different. The courts recognizing and enforcing the common law rule have done so with the respect to the distinctness of these interests. So, in *Moberly* v. *Bruner,* supra, the supreme court of Pennsylvania, said: "The plaintiff in ejectment must recover on the strength of his own title, and his recovery must, consequently, be in accordance with his title. Tenants in common have several and distinct titles and estates, independent of each other, so as to render the freehold several also. They are

separately seized and there is no privity of estate between them. If tenants in common are separately seized and there is no privity of estate between them, if they must sue separately or joint, according to the circumstances of the case, the nature and the cause of the action, or the character of the injury to be redressed, it follows as a necessary corollary that one tenant in common cannot maintain ejectment or sue and recover in any form of action for the interest and benefit of the others."

We think this a correct statement of the relations of tenants in common, and that the limitation upon the right of such a tenant, who sues alone for his interest in property, is logically deduced from this relationship. We are satisfied that while the common law rule that tenants in common should not join in an action of ejectment has been modified in Tennessee, yet, from *Barrow's Lessee* v. *Nave,* 2 Yerg., 227, it has been the established practice to confine the recovery of a tenant in common both in right and possession to his undivided interest in the property in controversy, and we do not think that the sections of the Code regulating actions of ejectment in any way affects this practice.

We are satisfied that the rule announced by Mr. Newell, and already quoted from his work on Ejectment, is sound and logical.

The decree of the court of chancery appeals, therefore, holding otherwise, is reversed, and the decree of the chancellor is in all things affirmed.