ROSE M. KRESHA, APPELLEE, V.
JOSEPH A. KRESHA, APPELLANT.
317 N.W.2d 776

Filed April 2, 1982. No. 43756.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellant.

John R. Brogan of Brogan, McCluskey & Wolstenholm, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action for forcible entry and detainer brought by one of two joint owners of a farm against a lessee tenant under an oral lease from year to year. The county court entered judgment for the plaintiff and the District Court on appeal affirmed the judgment of the county court. The defendant appeals.

The facts are largely admitted or stipulated. The plaintiff, Rose M. Kresha, and Adolph M. Kresha, husband and wife, are the owners of the farm involved here "as joint tenants or as tenants in common." The property is their homestead and they occupied the residence on the property. The defendant, Joseph A. Kresha, their son, entered into possession of the farm ground on or about March 1,

1974, under an oral lease from year to year and was in possession at the time of trial.

On August 30, 1979, notice was delivered to Joseph terminating the oral year-to-year lease and requiring him to deliver possession of the property to Rose and Adolph on March 1, 1980. The names Adolph Kresha and Rose Kresha were typed at the bottom of the notice. The notice was signed by Rose Kresha. It is stipulated "That Adolph M. Kresha is not a party plaintiff and did not join in said notice to terminate and will not become a party to action or join in notice to terminate."

Also, on August 30, 1979, Adolph M. Kresha and Joseph A. Kresha executed a written lease of the farm for a term running from August 30, 1979, to August 30, 1985. It is conceded that this lease is void because the farm is the homestead of Rose and Adolph Kresha and Rose did not execute or acknowledge the lease.

Rose Kresha filed suit for dissolution of marriage against Adolph Kresha on March 18, 1980. On March 27, 1980, Rose served a 3-day notice to vacate the premises on Joseph. Adolph did not join in the notice.

Rose filed this forcible entry and detainer action on April 8, 1980, alleging that Joseph had refused to vacate and was forcibly detaining the premises from her. Upon trial to the county court, the court found that Rose had legally terminated the oral year-to-year lease; that Adolph had effectively confirmed the notice of that termination by delivering to Joseph the written lease which was not joined by Rose; that Joseph remained in possession of the premises after notice to quit; and entered judgment for Rose for restitution of the premises.

Upon appeal to the District Court, the District Court found that the oral year-to-year lease was legally terminated by Rose; that the written lease between Adolph and Joseph was void; that Joseph

wrongfully held possession against the rightful possession of Rose; and affirmed the judgment of the county court for restitution of the premises.

The defendant contends that plaintiff could not terminate the oral year-to-year lease by herself and that the notice to terminate the lease was insufficient to terminate the oral lease as to Adolph, who did not join in it, and that the oral lease therefore continued as to Adolph.

It is clear that the findings and judgments of both trial courts turned on issues of fact. There can be no doubt that the notice of termination of the oral lease which was signed by Rose and delivered to Joseph on August 30, 1979, on its face purported to be a notice from Adolph and Rose, and in the absence of any other evidence was a legally sufficient notice of termination of the oral lease. Adolph could have adopted, ratified, or disavowed the notice. The stipulation simply states that Adolph did not join in the notice and would not join. The stipulation does not state that Rose did not have any authority to put Adolph's name on the notice. There is no evidence that Adolph disavowed the notice or took any affirmative action to repudiate it.

It is a well-established principle of law that an affirmance of an unauthorized transaction can be inferred from a failure to repudiate it. Restatement (Second) of Agency § 94 (1958). *Drainage District v. Dawson County Irrigation Co.,* 140 Neb. 866, 2 N.W.2d 321 (1942).

Ratification of unauthorized acts of an agent may be by conduct or may be inferred from silence and inaction. In the present case, instead of repudiating the notice of termination and affirming the oral lease, Adolph and Joseph entered into a new written lease upon different terms than the oral lease. It is immaterial that the new lease was void because it was homestead property. The execution of the written lease established that both Adolph and Joseph

had acquiesced in the notice of termination and regarded the oral lease as terminated. As the county court found, "both of them acted in a manner in which the oral tenancy was terminated." There was ample evidence in the record to support the findings of both trial courts that the oral year-to-year lease was legally terminated. That determination was correct.

The defendant also contends that Adolph was a necessary party to this action and that Rose cannot maintain a forcible entry and detainer action against Joseph in the absence of Adolph.

In 1882 this court held that one tenant in common could maintain an ejectment action against one wrongfully in possession and recover possession of the premises for the benefit of all cotenants. See *Crook v. Vandevoort,* 13 Neb. 505, 14 N.W. 470 (1882). The *Vandevoort* decision was overruled in *Johnson v. Hardy,* 43 Neb. 368, 61 N.W. 624 (1895). *Johnson* held that one tenant in common in an ejectment action may recover only the extent of his own title in an action against a trespasser. *Johnson* has not been cited by this court since that date. The court has subsequently recognized that an action of forcible entry and detainer is merely possessory, and that the unlawful entry and detainer statute provides a remedy for persons entitled to possession of property lawfully taken but unlawfully detained. *Jones v. Schmidt,* 163 Neb. 508, 80 N.W.2d 289 (1957); *Gregory v. Pribbeno,* 143 Neb. 379, 9 N.W.2d 485 (1943).

The great weight of authority is that one cotenant may maintain a possessory action against a stranger to the title and recover possession of the whole which inures to the benefit of the other cotenants. *DesRoches v. McCrary,* 315 Mich. 611, 24 N.W.2d 511 (1946); *Moore v. Ramsey,* 272 Ky. 582, 114 S.W.2d 1101 (1938); *Taylor v. Catalon,* 140 Tex. 38, 166 S.W.2d 102 (1942); 4 Thompson on Real Property

§ 1816 (1979); 4A Powell on Real Property ¶ 606 (1979). Powell states: "When a single cotenant suing alone brings ejectment, or other action to recover possession of land, against an outside wrongdoer, he is, in most jurisdictions, able to secure a result applicable to the whole of the common asset, and the recovery so made inures to the benefit of the other cotenants. Some jurisdictions, uneconomically, restrict his recovery to the plaintiff's fractional share." *Id.* at 625-26.

In Nebraska a forcible entry and detainer action is possessory and the question of title is not involved. The right of possession of one tenant in common extends to all the land in his own right and such right to possession meets the requirements for bringing a forcible entry and detainer proceeding. See Volkmer, *Nebraska Law of Concurrent Ownership,* 13 Creighton L. Rev. 513 at 530 (1979). We therefore hold that a single cotenant, suing alone, can maintain summary proceedings to recover possession of the premises against a stranger to the title without joinder of his cotenant as a party, and that any recovery inures to the benefit of the other cotenants. To the extent that *Johnson v. Hardy,* 43 Neb. 368, 61 N.W. 624 (1895), is in conflict, it is overruled.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

KRIVOSHA, C.J., and HASTINGS, J., concur in the result.

WHITE, J., dissents.