# Richmond.

## MARSHALL V. PALMER.

### APRIL 18, 1895.

1. EJECTMENT—*Joint Tenant—Form of Action.*—One joint tenant cannot re-
cover, in an action of ejectment in his own name, as sole plaintiff, the
interests of himself and his co-tenants. He can only recover that to
which he has the title, and if this be an undivided interest he must
prove what his proportion is, else there must be judgment for the de-
fendant.

Error to a judgment of the Circuit Court of Northumber-
land county, rendered March 30, 1889, in an action of eject-
ment wherein the plaintiff in error was the plaintiff, and the
defendant in error was the defendant.

*Affirmed.*

The action was brought in the name of "Henry M. Mar-
shall, who sues as well for himself as the other heirs of James
Marshall, deceased." The defendant pleaded "not guilty,"
and the act of limitations. The evidence did not disclose the
number of the heirs of James Marshall, their degree of rela-
tionship, or the extent of their interests. The record fails to
disclose the extent of the plaintiff's interest in the land in con-
troversy.

*Robert M. Mayo*, for the plaintiff in error.

No appearance for the defendant in error

Riley, J., delivered the opinion of the court.

This is an action of ejectment, brought by Henry M. Marshall as one of the heirs of James Marshall, deceased.

At the trial, by agreement of the parties, a jury was waived, and all matters of law and fact submitted to the court, which rendered judgment for the defendant.

The plaintiff brought suit for the premises in controversy, both for himself and all the other heirs of James Marshall, through whom he claims, and sought to recover the entirety for himself and them.

This, I apprehend, cannot be done.    One may sue in ejectment and recover less than he claims in his declaration, (*Clay* v. *White*, 1 Munf. 162; *Callis et als.* v. *Kemp et als.*, 11 Gratt. 78; and 2 Tucker's Com., 174), but he cannot recover more than he proves that he has the title to in himself.    He cannot in his own name, as sole plaintiff, recover the respective interests of his co-tenants.    Their several interests though undivided are distinct and different.    He cannot, in his own name, represent or bind his co-tenants.    Each must sue for himself, and in his own name.    The plaintiff can only recover such interest in the premises as he may prove that he himself is entitled to.    *Doe d. Hellyer and others* v. *King*, 6 Exch. 791; *Doe d. Saul* v. *Dawson*, 3 Wils. 49; *Gray* v. *Givens*, 26 Mo. 291, 303; and *Dewey* v. *Brown*, 2 Pick. 387.

And while one may bring suit for the whole of the premises, and his action will not be defeated, if he should fail to prove that he was entitled to the entirety, but showed that he was entitled to some less interest, yet it is incumbent upon him not only to establish the legal title in himself to such less interest, but he must also establish the extent of such interest. If it appears that there are other persons interested with him as co-tenats, he must prove what is the share or proportion of the land that belongs to him.    His undivided interest must be

made certain and definite. It must be clearly designated. Code of Virginia, section 2747. If he fails to do this, so that it cannot be specified by the verdict of the jury or the judgment of the court, he cannot recover, and judgment must be rendered for the defendant. *Craig* v. *McBride*, 9 Dana, 427; *Craig* v. *Taylor and wife*, 6 B. Monroe, 457; *Callis et als.* v. *Kemp et als.*, 11 Gratt. 78; and *Dawson et ux.* v. *Mills*, 32 Pa. St. 302.

The record discloses that the plaintiff in error sued as only one of the heirs of James Marshall. He does not pretend that he is the only heir, but in the declaration alleges that there are other heirs of said decedent. And the evidence offered on the trial is to the same effect.

He does not allege in his declaration the names or the number of the heirs. Neither does he state the extent of his undivided share or interest in the land, nor the proportion to which he is entitled. Nor does the evidence supply this fatal defect. It only shows that he is one of the said heirs. They may be few, or they may be many. The extent of the interest which the plaintiff claims for himself is left wholly in doubt. There is nothing in the entire record by which his interest may be designated or rendered certain; nothing on which a judgment in his favor could be founded, even if we were to come to the conclusion that the heirs of James Marshall were entitled to recover the premises sued for, as to which we do not wish to be considered as expressing or intimating any opinion whatever.

No other judgment could have been rendered by the Circuit Court of Northumberland county than for the defendant, and for the foregoing reasons the same is affirmed.

AFFIRMED.