JAMES WALTER RUSSEL *v.* WILLIE LAVENDER

(No. 7326)

Submitted September 13, 1932. Decided September 20, 1932.

*Lon G. Marks,* for plaintiff in error.
*J. Howard Hundley,* for defendant in error.

LITZ, JUDGE:

Plaintiff, James Walter Russel, complains of an order of the common pleas court of Kanawha county, dismissing his action in ejectment against defendant, Willie Lavender, on a plea in abatement.

The declaration, in the usual form, avers that the plaintiff is possessed of an estate in fee simple absolute, except one-half the coal, oil, gas, mineral and mineral substances of 25 acres of land in Kanawha county, and that defendant, on the ........ day of.........................., 1931, ''entered into the same and unlawfully withholds from the plaintiff the possession thereof.'' Defendant filed a plea in abatement, averring that one undivided sixth of the premises was vested in others as co-tenants of plaintiff. To the plea plaintiff demurred, and replied that he had been in quiet, peaceable possession of the land in controversy for more than ten years prior to the entry of defendant and that defendant was a mere trespasser and intruder thereon. After overruling a demurrer to the plea and replication, the trial court, upon motion of defendant, dismissed the action.

Chapter 55, article 4, section 10, provides that the defendant in ejectment may demur and plead to the declaration, but that he shall plead ''the general issue only, which shall be that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff in the declaration.'' Any plea other than the general issue is therefore unauthorized by the statute. If a special plea were permissible, the one in this case sets up an immaterial issue. One joint tenant or tenant in common may recover his share in the joint property, by ejectment, without joining his co-tenants. Burks

Pleading & Practice, page 157; *Marshall* v. *Palmer*, 91 Va. 344, 21 S. E. 672. Assuming further that a special plea is authorized in ejectment and that it is necessary for all co-tenants to join as plaintiffs in an action of ejectment, the replication of plaintiff was a sufficient reply to the special plea. "When a party in peaceable possession of land is entered upon and ousted by one not having title to, or authority to enter upon, the land, the party so ousted may recover the premises in ejectment upon his possession merely; and his right to do so can not be defeated by the defendant showing that there is or may be an outstanding title in a third person, but only by showing that the defendant himself either has title or authority from the person having the title to enter under the title. *Tapscott* v. *Cobbs*, 11 Gratt. 182; *Middleton* v. *Johns*, 4 Gratt. 129; *Moody* v. *McKein*, 5 Munf. 374." *Witten* v. *St. Clair*, 27 W. Va. 762, 771.

The judgment complained of is reversed and the case remanded.

*Reversed and remanded.*