## CIRCUIT COURT OF GOOCHLAND COUNTY

Commonwealth
Transportation
Commissioner

v.

Pruitt Properties, Inc., et al.

May 29, 2003

BY JUDGE TIMOTHY K. SANNER

The Court has had the opportunity to consider the matters raised in the Commissioner's Motion in Limine. The Court appreciates Counsel's memoranda and arguments that have greatly assisted the Court. In consideration thereof, the Court's rulings are as follows.

### I. *Development Plans for the Property*

The Court's resolution of the admissibility of these plans is shaped by the cases of *Appalachian Electric Power Co. v. Gorman*, 91 Va. 344, 61 S.E.2d 33 (1950), and *Appalachian Power Co. v. Anderson*, 212 Va. 705, 187 S.E.2d 148 (1972). The Commissioner urges the Court not to permit admission of said plans as being too speculative and specifically not meeting the *Gorman* test for the admission of such a plat. Additionally, the Commissioner urges the Court to find that the plat is irrelevant as it reflects the value of the land after expenditures for future improvements have been made.

The landowner urges the Court to admit said plans as evidence of the highest and best use of the property before the take and to show the impact of the take on the residue of the property. This position reflects Virginia law which holds that it is proper to show that a particular tract of land is suitable and available for division into lots and is valuable for that purpose. *Anderson,* citing *Barnes v. North Carolina State Highway Commission,* 250 N.C. 378, 109 S.E.2d 219 (1959).

The landowner correctly notes that a concurring majority in *Anderson* would have approved the admission of a plat of subdivision as being admissible for the sole purpose of showing that the present value of the acreage involved was affected by its adaptability to and its availability for that highest and best use. *Anderson,* however, can be distinguished by the fact that a partial subdivision of the land had already taken place and the proposed plat would have shown an integration of the undeveloped portion into that which had been previously subdivided. No development whatsoever has taken place with respect to the parcel in the case before the Court, and the intricate detail of the development plans appears to contain much more information for the Commissioners to consider than the description of the plat at issue in *Anderson.* These details go beyond subdivided lots to include footprints of buildings, their proposed heights, parking lots with an indicated number of spaces, and thoroughfares within the development.

Cases cited in *Anderson* with approval cause the Court considerable concern about the admission of the proposed development plans. "It is the present actual value of the land with all its adaptations to general and special uses, and not its prospective, or speculative, or possible value based upon future expenditures and improvements that is to be considered." *Anderson,* citing *Richmond & P. R. Co. v. Seaboard etc. Co.,* 103 Va. 399, 407, 49 S.E. 512, 515 (1905). "Where the property and property rights proposed to be taken have a present fair market value, that value, at the time of the taking, is the 'just compensation' to which the owner is entitled under the constitutional provisions on the subject, and is the measure of the award the commissioners should make to the owner therefor; and not the value after future development of the property, or in the vicinity of it, has been made." *Appalachian Power Co. v. Johnson,* 137 Va. 12, 26, 119 S.E. 253, 257 (1923). While *Anderson* cited *Barnes, supra,* as holding that it was proper to show that a particular tract of land was suitable and available for a division in the lots and was valuable for that purpose, it also held that it was not proper to show the number and value of the lots as separated parcels in an imaginary subdivision

thereof. "In other words, it is not proper for the jury in these cases to consider an undeveloped tract of land as though a subdivision thereon is an accomplished fact. Such undeveloped property may not be valued on a per lot basis. The cost factor is too speculative." *Barnes* at 388-89. Even the *Anderson* concurring majority agreed that, even if the map is accurate, it could not be used for valuing the property taken or assessing damages to the residue on a per lot basis.

Based on all these factors and given the very intricate detail of the proposed development plans, the Court concludes the probative value of said plans concerning the highest and best use of the property is outweighed by their prejudicial effect which is likely to invite the Commissioners to award damages for remote and speculative development consistent with the detail shown on said plans.

## II. *Future Development of the Property*

Because the Court cannot know the precise nature of the testimony that is to be offered at trial, the Court declines to issue an *in limine* ruling regarding this issue. Generally, in accordance with *Fruit Growers v. Alexandria*, 216 Va. 602 (1976), the Court would permit the landowner to offer a plan showing a possible scheme of development for the purpose for which it is most available, provided it appears that the likelihood of demand for the property for that purpose is such as to affect market value. In keeping with the holding of *Fruit Growers*, the Court will not permit evidence of projected earnings of nonexistent enterprises, details of possible improvements of the land, their value, or the expected profits or rentals after such improvements are made.

## III. *Compensation for Loss of Access, Visibility, or Traffic*

While the *Easley, Howard,* and *Dennison* cases, all cited by counsel, are useful to the Court in determining whether there has been such limitation of access to the landowners' properties that this matter should be considered by the Commissioners, the factual situation presented in the instant case is decidedly different from factual situations contained in all of those cited cases. All of those cases involved restriction of access of abutting property to the road the property abutted. Both the east and west residues of the landowner's property will continue to have direct access to Old Three Chopt Road. Arguably, any real inconvenience to the landowner is caused by proposed

Route 288's bisection of Old Three Chopt Road. The Court's review of *City of Lynchburg v. Peters*, 156 Va. 40 (1931), convinces the Court that such interruption of a public highway is not compensable, so long as the landowner retains access to the abutting public highway. This would be true of the case before the Court.

Consequently, no evidence shall be permitted to be introduced concerning damages related to lack of access, visibility, or traffic.

### IV. *Potential Testimony of O. J. Pruitt*

On this issue, the Commissioner takes the position that while a landowner may testify as to the value of his or her land, the land in question is owned by a corporation; consequently, Mr. Pruitt is not the landowner and, therefore, cannot render an opinion, unless he qualifies as an expert witness. Because Mr. Pruitt allegedly has not been designated as an expert witness and because of other alleged inadequate responses to discovery regarding his qualifications as an expert, the Commissioner seeks to exclude his testimony.

The position of the landowner is that an owner is competent to testify as to the value of his property and that Mr. Pruitt, as an officer in the company with the largest ownership interest, should be permitted to testify on behalf of the landowners. As was noted in *Walls v. Commonwealth*, 248 Va. 480 (1994), the opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values; however, ownership of property by a corporation does not automatically qualify a company employee to testify about the value of company property. *Walls* is silent as to whether the same rule applies to stockholders or corporate officers. No case has been cited authorizing a stockholder or corporate officer to testify in the same manner on behalf of a corporation, and the Court has found none in its own research.

Nevertheless, the Court does not find that Virginia case law limits opinion on property values to two classes, owners and experts. In fact, as noted by the landowner, Virginia law permits lay witnesses who are not true experts, to give evidence regarding the value of real estate based on a demonstrated acquaintance with the property at issue or with properties of like general character and location. *Snyder Plaza Properties, Inc. v. Adams Outdoor Advertising, Inc.*, 259 Va. 635 (2000), citing *Kerr v. Clinchfield Coal Corp.*, 169 Va. 149, 192 S.E. 741 (1937). The landowner's memorandum in opposition to the Motion in Limine suggests that Mr. Pruitt may have such a

foundation that would permit him to testify regarding the value of the property in question.

Accordingly, the Motion in Limine concerning this matter will be denied, subject to the landowner's laying an adequate foundation to permit Mr. Pruitt's testimony at trial.