# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth Transportation
Commissioner of Virginia

v.

Linkhorn Bay
Condominium Association

October 7, 2009

Case No. CL04-0695

BY JUDGE A. BONWILL SHOCKLEY

On March 18, 2009, this Court heard argument on Linkhorn Bay's motion in limine. Linkhorn Bay seeks to exclude any testimony on and discovery of evidence of its alleged foreknowledge of the take as it relates to valuation of the residual property. Both parties have filed briefs in this matter.

In the context of a state agency's estimate of just compensation, the Virginia Code is abundantly clear:

> Any decrease or increase in fair market value of real property prior to the date of valuation caused by the public improvement for which such property is acquired, or by the likelihood that the property would be acquired for such improvement, other than that due to physical deterioration within the reasonable control of the owner, *shall be disregarded* in determining the compensation of property.

Va. Code § 25.1-417(A)(3) (emphasis added). The same principal applies to the determination of just compensation by a commissioner, judge, or jury because the relevant measure of compensation is the change in value at the time of the taking.

> In every eminent domain case involving a partial taking, the measure of damages to the residue of the property not taken is the difference in the fair market value of the residue *immediately before and immediately after* the taking. In ascertaining such damages, both *present and future* circumstances which actually affect the value of the property at the time of taking may be considered, but remote and speculative damages may not be allowed.

*East Tennessee Natural Gas Co. v. Riner*, 239 Va. 94, 100, 387 S.E.2d 476 (1990). Notably absent from the calculation of damages to residue is any mention of valuation prior to the actual take.

Until a certificate of take is actually filed, it is too speculative or remote to include the landowner's prior knowledge of the likelihood of a take into the calculation of present market value. This is not to say that a landowner's evidence of highest and best use of the property cannot include speculative development plans. *See Commonwealth Transportation Commissioner v. Pruitt Properties*, 62 Va. Cir. 95, 97 (Goochland 2003). In addition, the Court retains discretion in determining the admissibility of other evidence of fair market value at the time of the take, including exclusion of evidence of the sale price of an adjacent property that was enhanced by the neighboring public project. *Edwards v. State Highway Commissioner*, 205 Va. 734, 738, 139 S.E.2d 845 (1965) (citing a treatise, emphasis in original, for the proposition that *"The determination of the similarity of the lands involved in the proffered evidence to those sought to be condemned, and whether the transactions are sufficiently close in point of time to afford a fair comparison, is a matter resting largely in the discretion of the trial court."*)

The relevant subject of inquiry is the value of the residue at the time of the take. Although *State Highway Commissioner v. Bell*, 209 Va. 769, 773, 167 S.E.2d 127 (1969), cited *United States v. Miller*, 317 U.S. 369, 378, 63 S. Ct. 276, 87 L. Ed. 336 (1943), for the proposition that any increased value to land as the result of public development is excluded once a project is "final and definite," *Bell* applied that rule to the specific context of a second take from a landowner's property for the same public project. *See Bell*, 209 Va. at 775 ("Under these circumstances, the trial court was justified in holding, as it did, that the additional property taken from the landowner was not 'in an area of probable construction within the scope of the present project from its inception'."). *Bell*'s discussion of the probability of a take in light of an agency's project plans should be limited to its facts lest speculation swallow the bright-line rule for valuation of residue as of

the date of the filing of a certificate of take. *See* Va. Code § 25.1-417(A)(3); *East Tennessee Natural Gas Co., supra.* Therefore, Linkhorn Bay's motion in limine is granted.